No. 12.—EDMUND W. HOLLAND, plaintiff in error, vs. SARAH: M. BROWN, defendant in error.

[1.] Under the Act " to point out the mode for the collection of rents", the only affidavit of illegality to the distress warrant, which the levying officer · is allowed to receive, is one " that the sum, or some part thereof distrained for, is not due".

[2.] By this Act, a Justice of the Peace may issue a distress warrant, for a sum exceeding thirty dollars.

Distress Warrant.    Affidavit of illegality, in DeKalb Superior Court.    Decided by Judge HILL, October Term, 1853.

George Shaw, a Justice of the Peace, issued a warrant to distrain for rent, against Sarah M. Brown, upon the following affidavit:

" GEORGIA—DEKALB COUNTY:
In person, appeared before me, George Shaw, a Justice of the Peace in and for said county, Edmund W. Holland, who being duly sworn, saith that Sarah M. Brown of said county, is justly indebted to deponent the sum of six hundred and seventy-eight dollars and forty cents, for rent, which is now due and unpaid.           EDMUND W. HOLLAND.
Sworn to before me, this 29th ⎱
day of December, 1853.          ⎰
    GEORGE SHAW, J. P."

To this warrant, defendant filed an affidavit of illegality, upon the grounds—
"1st. Because the relation of landlord and tenant had ceased to exist between plaintiff and defendant.
2d. Because said warrant does not show that this deponent is tenant to him, the said plaintiff, or had been at any time."
This affidavit of illegality the plaintiff moved to dismiss on the ground that such a remedy was not authorized by law.
This motion the Court over-ruled, and the plaintiff excepted.
    VOL. XV. 15

The Court then sustained the affidavit of illegality, and the plaintiff excepted to that decision.

The defendant moved also to dismiss the warrant, on the ground that the Justice of the Peace who issued it, had no jurisdiction—insisting that the jurisdiction of a Justice of the Peace, in distresses for rent, is confined to cases in which the rent claimed does not exceed thirty dollars. The Court held this ground to be sufficient for the motion, and made the judgment dismissing the warrant, rest upon this ground as well as upon the others. The plaintiff excepted to the judgment of dismission.

CALHOUN, MARTIN and MOUNGER, for plaintiff.

COLLIER, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

Was the Court right in over-ruling the motion to dismiss the affidavit of illegality? This is the first question.

[1] The proceeding of the plaintiff was founded upon the Act of 1811, "to point out the mode for the collection of rents." To find an answer to the question, it is necessary, therefore, to look to that Act.

The first section of the Act is in these words: "From and after the passage of this Act, it shall and may be lawful for any person who may hereafter have rent due, where the same does not exceed thirty dollars, to make application to any Justice of the Peace within the district where his, her or their tenant may reside, and obtain from such Justice a distress warrant for the sum claimed, to be due on oath in writing for the said rent—and the same may be levied by any Constable, duly qualified, on any property belonging to said tenant, who shall advertise and sell the same under the same rules and regulations as other sales under execution; and where any distress shall issue for any sum exceeding thirty dollars, it shall be levied by the Sheriff of said county, advertised and sold, as in cases of

other executions : *Provided, nevertheless,* that the party distrained, shall be entitled to replevy the goods so distrained, by making oath that the sum or some part thereof distrained for, is not due, and give security for the eventual condemnation money ; and in that case, it shall be the duty of such officer to return the same to the Court having cognizance of the same, and the same shall be determined by a Jury, as practised in other cases of claim". (*Pr. Dig.* 687.)

By this section it is made the duty of the levying officer to "advertise and sell" the property levied on " under the same rules and regulations as other sales under execution", unless "the party distrained" shall replevy the property in a particular way, viz : " by making oath that the sum, or some part thereof, distrained for, is not due, and give security for the eventual condemnation money". Nothing but this sort of oath and security will excuse the officer for not advertising and selling, as he would have to do in cases of execution. It is only in case this oath and this security are put in, that the officer is justified in returning the warrant to Court, instead of going on to execute it.

But how is he to go on to execute it ? He is to advertise and sell, says the Act, " as in cases of other executions". But in cases of executions, he is *not* to sell, if an affidavit of illegality or a claim be interposed. Several special Statutes prescribe to him this course. Does it not follow, then, that he is *not* to sell under the distress warrant, if an affidavit of illegality or a claim be presented to him ?

It does not. Those Statutes do not apply to the case of a distress warrant, because the Statute aforesaid, authorizing distress warrants, itself, provides for illegalities and for claims. The second section provides for the case of the interposition of claims—the first, as we have seen, provides for that of illegalities. And as this provides for only one sort of illegality, that which is put upon the ground that the money distrained for, in whole or in part, is not due, it is to be presumed that no other sort was intended to be allowed. *Expressio unius exclusio alterius.*

Besides, it may well be doubted whether the expressions, "advertise and sell the same, under the same rules and regulations as other sales under execution", according to their natural import, include anything but the rules which govern advertisements of sale, and the rules which govern, were acts of sale—whether the receiving of an illegality or of a claim, is a matter which can naturally be said to interfere with rules of advertisement and rules of sale; and therefore, whether there is any color for the interposition of this affidavit of illegality, even if the Statute contained nothing, in itself, on the subject of illegality or of claim.

It follows that the Court below erred in not sustaining the motion to dismiss the affidavit of illegality.

[2.] Did the Justice of the Peace have jurisdiction to issue this warrant?

If he did not, nobody had. The power to issue such a warrant is not *expressly* conferred upon the Judges of the Superior Courts, or those of the Inferior Courts, or upon any body else. *Impliedly*, if it is conferred upon those Judges, it is more plainly conferred upon the Justices of the Peace. They, the Judges, are not mentioned at all in the Statute—Justices of the Peace are. Not only are Justices of the Peace mentioned in the Act—they are, in the first part of the section aforesaid, expressly given jurisdiction to issue distress warrants of a particular kind, viz: for thirty dollars and under; and with this part of the Act, the latter part is coupled by the words, "and where any distress shall issue for a sum exceeding thirty dollars, it shall be levied by the Sheriff", &c. "Issue" from whom? Nobody but a Justice of the Peace has been mentioned. "Issue for a sum exceeding thirty dollars, it shall be" *issued*, not by a Justice of the Peace, but by a Judge of the Superior Courts? No. Nothing about by whom it is to be *issued*, but all about by whom, merely, it is to be *levied*. The large warrant is to be *levied* by the Sheriff—the small by the Constable; and this is the main difference between the first part of the section and the last part.

It is certain, however, that if a Justice of the Peace has no

power to issue a warrant for such a sum as that in this case, viz : one exceeding thirty dollars, nobody has. But somebody has the power—" and where any distress shall *issue* for a sum *exceeding thirty dollars*". Therefore, a Justice of the Peace has the power.

This view is confirmed by matter which is contained in the Act, " to amend the Rent Laws of this State", so as to give landlords remedies against tenants holding over. By that Act power is given to Judges of the Superior and Inferior Courts, and to *Justices of the Peace*, to issue warrants for dispossessing tenants who hold over. This power is at least as great and as important as the power to issue distress warrants for sums exceeding thirty dollars. The Statutes are in *pari materia*.

The view is also confirmed by what is to be found in other Statutes—those which respectively concern bail, attachments, and many summary proceedings. These Statutes, respectively, permit Justices of the Peace, in all of these cases, to *initiate* the proceedings; why, then, should not Justices of the Peace be allowed to initiate the proceedings in the similar, and certainly not more important matter, of collecting rents, generally ?

Indeed, in criminal cases, Justices of the Peace have power, for a time, to imprison the person. It is not against analogy, therefore, that they should have the power questioned in this case.

[2.] The Court below erred, therefore, in holding that the Justice of the Peace had not the power to issue the warrant.