John B. McMahan, plaintiff in error, vs. William J. Tyson, defendant in error.

[1.] In a distress for rent, under the Act of 1811, a plea of set-off is not admissible.

[2.] When a writing is such, that something more than what is expressed by it, is to be implied from it, parol evidence of any thing not inconsistent with that unexpressed something, is admissible.

Distress warrant and illegality, in Lee Superior Court. Before Judge Allen, April, 1857.

This was a distress warrant issued by a Justice of the Peace, at the instance and upon the oath of William J. Tyson, the landlord, against John B. McMahan, the tenant, for the recovery of the sum of $150 41, besides interest, claimed to be due for rent.

The warrant was levied by a constable upon a lot of corn and fodder, which defendant replevied, and filed his affidavit of illegality, on the grounds:

1st. Because the entire sum distrained for is not due or owing for *rent*, but a part of the consideration of said debt was, that plaintiff was to do certain repairs upon the premises, which he failed to have done, by reason of which, defendant was injured.

2d. Because at the time the warrant issued, defendant was not the tenant of plaintiff.

3d. Because the Justice of the Peace who issued the warrant did not reside in the same militia district with defendant, and consequently had no jurisdiction in the premises.

Upon the trial, the defendant moved to dismiss the warrant, upon the foregoing grounds, which motion the Court overruled; and defendant excepted.

The parties went to the jury, and defendant proposed to prove, by way of set-off, that at the time the warrant issued, the plaintiff was indebted to him an amount greater than

that claimed to be due for rent; and also to prove that the note for which the distress issued, was not for *rent only*, but partly in consideration of certain improvements which plaintiff was to make upon the premises, and which he had failed to do.

The presiding Judge rejected this testimony, holding that parol evidence of the terms of the lease or any evidence as to failure of consideration or set-off, was inadmissible; and counsel for defendant excepted.

F. H. WEST; and PEARMAN & KIMBROUGH, by LYON, for plaintiff in error.

HARPER, by VASON, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The first question is, was the Court right in overruling the motion, to dismiss the distress warrant?

That motion was, it seems from the argument, put upon the ground, that the Justice of the Peace issuing the warrant, was not a Justice of the district in which the tenant resided. But, first, there is nothing in the record to show, whether this ground was true or not; and, secondly, if the ground was true, we should be very much inclined to hold, that it would not be a sufficient ground. The part of the Act of 1811, relied on in support of the ground, applies exclusively, as we are strongly inclined to think, to cases in which, the " rent due, does not exceed thirty dollars." *Cobb's Dig.* 900.

[1.] The only defence against a distress warrant, which the statute gives to the tenant is, a plea on oath, that " the sum, or some part thereof, distrained for, is not due." *Ibid.* A plea of a set-off, is not this plea. A plea of a set-off *admits* that the sum which it is pleaded against *is* due.

A copy of the note is not given in this case; but we are, perhaps, at liberty to infer, that it was a note given in consideration of " rent."

McMahan vs. Tyson.

[2.] In the case of such a note, it is necessarily to be implied, that the note is given for the rent of *something*. To show what that something is cannot, therefore, be to vary the note, but only to supply that which is included in what is understood from the note.

If such was this note, then, we think that the parol evidence was admissible; for that evidence, if admitted, would have only gone to show what thing it was that was rented, and to show that the tenant did not get all of that thing, that is to show a partial failure of consideration of the note. The evidence, if admitted, would have gone to show, that what the tenant rented was the land, not as it was, but as it would be when certain improvements should have been put upon it by the landlord; and then to show that the landlord failed to put those improvements on the land.

Now, there is nothing in the face of the note to show, that the thing meant to be rented was not such a thing as this, for there is nothing in the face of the note to show *what* that thing was. This evidence, then, would not, if admitted, have contradicted the note.

True, it would have shown a partial failure of the consideration of the note; but it is lawful, to show a partial or a total failure of the consideration of a note; and to do so by parol evidence, or by any evidence.

And if the evidence had shown a partial failure of the consideration of the note, the evidence would have shown that "some part" of the sum "distrained for was not due."

We think, then, that the evidence was admissible, and consequently, that there ought to be a new trial.

It is hardly necessary to say that there is nothing in the second ground taken in the affidavit of illegality.

Judgment reversed.