JOHN R. LATIMER, plaintiff in error, vs. S. H. LANE, defendant in error.

When a defendant filed his plea to the plaintiff's action, alleging that the plaintiff agreed to do certain things, on his part, to enable the defendant to procure the title to a tract of land, so as to enable him to convey the title thereto to the plaintiff, which were specially set forth in the plea, and that this was part and parcel of one and the same contract, and that, by reason of the plaintiff failing to perform his part of the contract, the defendant has been damaged to the amount for which the plaintiff has sued him, and claimed the right to recoup the same amount, by way of damages, from the plaintiff for the breach of the contract on his part, and to set off the damages sustained by him against the plaintiff's demand:

*Held*, That the Court erred in sustaining a general demurrer to the defendant's plea, and ordering the same to be stricken from the record.

False representation. Recoupment. Former adjudication. Rescission. Before Judge ANDREWS. Hancock Superior Court. October Term, 1871.

The record shows that the counter-claim sought to be recouped by defendant existed before June 1st, 1865. For the facts of the case, see the decision.

LINTON STEPHENS; E. H. POTTLE, for plaintiff in error.

R. TOOMBS; C. W. DuBOSE, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover the sum of $2,125, for five hundred acres of land, known as the Tye place, the plaintiff alleging that the defendant fraudulently represented to him that he had the title to said land; that the plaintiff, on the 14th day of January, 1868, paid to the defendant the said sum of $2,125 for the land, and that the defendant bound himself to make a title thereto, within a reasonable time, which he has failed to do; that, at the time of making the contract, the defendant did not have the title to the land, and this suit was brought to recover from the defendant the money paid by the plaintiff therefor.

On a former trial of this case in the Court below, the defendant pleaded that the contract for the sale of the land had been *rescinded* by the fraudulent conduct of the plaintiff, and the jury found a verdict, under the charge of the Court, for the defendant. The case was brought before this Court, and the judgment of the Court below was reversed, for error in the charge of the Court to the jury, and a new trial ordered, this Court holding and deciding that the defendant could not claim that the contract for the sale of the land had been rescinded by the fraudulent conduct of the plaintiff, and at the same time retain the purchase-money paid him by the plaintiff therefor. When the case was remanded back to the Court below for a new trial, the defendant withdrew his plea of a rescission of the contract for the sale of the land, on the ground of the fraudulent representations of the plaintiff, and filed a new plea, in which he affirmed the contract for the sale of the land, but alleges that the plaintiff made an agreement, which is specially set forth in the plea, by which he agreed to do certain things on his part to enable the defendant to procure the title to the land, so as to enable him to convey the title thereto to the plaintiff, and that this was part and parcel of one and the same contract, and that, by reason

of the plaintiffs failing to perform his part of the contract, he has been damaged to the amount for which the plaintiff has sued him, and claims the right to recoup the same amount, by way of damages, from the plaintiff for the breach of the contract on his part, and to set off the damages sustained by him against the plaintiff's demand. To this plea of the defendant, the plaintiff demurred generally. The Court sustained the demurrer, and ordered the plea to be stricken, whereupon the defendant excepted.

The argument before this Court, in favor of the judgment of the Court below, is, that the plea contained no new facts that were not adjudicated when the case was before this Court at the former term; that the defendant's defense, as now set forth in his plea, is, substantially, the same now as it was then. We do not think so. The point in the case, as made by the defendant's plea on the former hearing before this Court, was whether the defendant could claim to have the contract for the sale of the land *rescinded,* on the ground of the plaintiff's fraud, and, at the same time, claim to retain the money which he had received for the land. The plea now before the Court does not seek to *rescind* the contract on the ground of fraud, but, on the contrary, *affirms* it, and seeks to recoup and set off the damages which the defendant has sustained, in consequence of the breach of that contract on the part of the plaintiff.

Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross obligations, or independent covenants, arising under *the same contract,* and includes all mutual debts and *liabilities.* Recoupment may be pleaded in all actions, *ex contractu,* where, from any reason, the plaintiff under the same contract is, in good conscience, liable to the defendant :. Code, 2858, 2859, 2861.

In our judgment, the Court below erred in sustaining the demurrer to the defendant's plea. If the Act of 1870, re-

quiring an affidavit that all legal taxes had been paid, is a valid law, still, this case was not within the provisions of that Act.

Let the judgment of the Court below be reversed.