Warner, Chief Justice.
The plaintiff, as landlord, sued out a distress warrant for rent due him by the defendant, which was levied on the defendant’s property. The defendant filed an affidavit that the rent claimed 'by the plaintiff was not due. On the trial of the issue thm formed, the defendant offered to prove that the roof of the storehouse rented was in a leaky condition, and that by reason thereof the defendant’s goods had been damaged $300 00. The plaintiff objected to this evidence, and the Court sustained the objection, unless it was shown that there was a pre-existing agreement that repairs should be made on the store-house before the defendant moved into it. Whereupon the defendant excepted.
The landlord is bound by law (independent of any pre-existing contract to that effect,) to keep the rented premises in repair: Code, 2258. If the landlord in this case failed to repair the roof of the store-house, after 'notice of its leaky condition, and the defendant’s goods were damaged thereby, he was entitled to recoup such damages from the plaintiff, and have the same deducted out of the rent claimed to be due for the store-house, and If the damages sustained exceeded the amount of the rent *133 claimed to be due, then the defendant did not owe the rent claimed: Code, sections 2858, 2859, 2861.
In our judgment, the evidence offered by the defendant was admissible, and it was error in rejecting it.
Let the judgment of the Court below be reversed.