E. GUTHMAN, plaintiff in error *vs.* M. T. CASTLEBERRY, defendant in error.

1. Where the landlord occupied a room in the same building, immediately over the store of the tenant, he is presumed to have known the condition of the roof better than the tenant, and notice by the tenant to the landlord to repair such roof is unnecessary to entitle the tenant to recoup the damages sustained by leakage as against a distress warrant for rent.

2. The landlord is not liable to the tenant for damages to his goods, resulting from unforeseen and extraordinary causes, unless so stipulated in the contract at the time of renting.

Landlord and tenant. Repairs. Notice. Recoupment. Before Judge HOPKINS. Fulton Superior Court. April Term, 1873.

For the facts of this case, see the decision.

Guthman *vs.* Castleberry.

SAMUEL WEIL, for plaintiff in error.

JACKSON & CLARKE, for defendant.

WARNER, Chief Justice.

This was a distress warrant for rent sued out by the landlord against his tenant. The defendant filed a counter-affidavit denying that the rent claimed was due. On the trial of the issue in the Superior Court, the defendant alleged that his goods had been damaged to a greater amount than the rent claimed to be due, in consequence of the leaky condition of the roof of the storehouse rented, and sought to recoup the same against the plaintff's demand. The jury, under the charge of the Court, found a verdict for the plaintiff. A motion was made for a new trial on the grounds set forth in the record, which was overruled, and the defendant excepted.

It appears from the evidence in the record, that the leak in the roof of the store-house was occasioned by an extraordinary fall of snow, which filled up the gutters on the roof, and caused the same to overflow; that the same was repaired as soon as it could reasonably have been done by the landlord. When a branch of this same case was before this Court at the last term, it was held that if the landlord failed. to repair the roof of the store-house (the landlord under the provisions of the Code, being bound to keep the rented premises in repairs) after notice of its leaky condition, and the defendant's goods were damaged thereby, he was entitled to recover such damages from the plaintiff and have the same deducted out of the amount of the rent claimed to be due, and that we think would be the proper rule when the tenant has the exclusive possession and control of the store-house rented. But in this case, the evidence shows that the landlord occupied the room immediately over the room occupied by the tenant in the same building, and therefore, must be presumed to have known the condition of the roof of the building as well or better than the tenant. In such a case, we are inclined to

hold that notice by the tenant to the landlord to repair the roof, would not have been necessary, and if it had been proved by the tenant on the trial, that the roof of the store-house was in such a condition as not to have protected the goods therein from water, under ordinary circumstances, that he would have been entitled to have recouped the damages sustained against the plaintiff's claim for rent; but there is no evidence of that kind in the record which would have authorized the Court to have so charged the jury. If the tenant desires to protect himself from loss or damage by accidents which result from unforeseen and extraordinary causes, he must so stipulate in his contract at the time of renting. There is no evidence in the record that the store-house was not in a tenantable condition on account of the roof but for the extraordinary fall of snow which caused it to leak as before stated. The plaintiff's own goods in the room above the one occupied by defendant were damaged more than defendants by the same cause.

Let the judgment of the Court below be affirmed.