J. B. WHITE & Co., plaintiffs in error, vs. WILLIAM W. MONTGOMERY, defendant in error.

1. It is the duty of the landlord, when he rents a tenement to a tenant at full price, to make it suitable for the purpose for which it is rented, unless the tenant knows as much about its condition as he does; and he must, upon notice of any defect, keep it, by repairs, in such condition as to be suitable for such use.

2. The tenant is not the agent of the landlord, in the sense that the latter is responsible for the damages which result to third persons from the illegal or negligent use of the rented premises by the former; the landlord is responsible for any damage which may flow from the defective construction of the tenement or from his failure to keep it in proper repair, but if it be properly constructed and kept by the landlord in proper repair, the tenant alone is responsible for his bad or negligent use of a thing good in itself, and kept good by the landlord, but made bad and working damage by the tenant's improper or negligent use of it.

3. Therefore, if a landlord rent different tenements in the same building to different tenants, and the store-room rented to one tenant is under rooms used as a hotel, rented to another, and immediately over the store-room there is a water-closet properly constructed and kept in proper repair by the landlord, but so improperly or negligently used by the occupants of the hotel as to cause damage to the goods in the store below, the tenant of the hotel is responsible for the damage to his co-tenant of the store-room, and the landlord is not.

4. Whether the damage resulted from the faulty construction of the water closet and its not being kept in repair by the landlord, or from the improper use of it by the occupants of the hotel, is a question for the jury, and the evidence being sufficient to authorize a finding in favor of the landlord, this court will not interfere.

5. It follows from the preceding propositions, that there was no error in refusing to charge that the landlord was responsible for the conduct of the tenant as his agent; nor was there any error, of which

the plaintiff could complain, in charging the jury to "examine the evidence and ascertain if this water-closet was properly constructed, and used, and attended to, and if so, the defendant is not liable. If the water-closet was found to be in bad condition, and not properly attended to, whether by the other tenant or the landlord, the landlord is liable."

Landlord and Tenant.    Principal and Agent.    Damages. Negligence.    Before J. C. C. BLACK, ESQ., Judge *pro hac vice.*    Richmond Superior Court.    April Term, 1876.

Reported in the opinion.

VERDERY & VERDERY, for plaintiffs in error.

W. H. HULL; W. W. MONTGOMERY, for defendant.

JACKSON, Judge.

This was an action on the case, brought by the tenant against the landlord, for damage to goods in a store-room rented to the tenant, by water falling from a water-closet above the store-room.    The premises above were rented by the same landlord to another tenant as a boarding house, and the water-closet was used by the tenant of the boarding house.    The damage was proven to result from the water-closet above, but the evidence was conflicting as to what caused the overflow of water from it, whether from the improper construction and repair of the water-closet, or from the improper and negligent use of it by the tenant and guests of the hotel.    The jury, under the charge of the court, found for defendant.    The plaintiffs excepted to the refusal of the court to grant a new trial on several grounds therein set out, and this refusal to grant the new trial is the error assigned.

1. The first ground of the motion for the new trial which we shall consider, is the refusal of the court to charge to the effect that the tenant of the hotel above the store was the agent of the landlord, and that the landlord was respon-

sible for the act of such co-tenant in obstructing the water-closet, or the neglect of the co-tenant and guests in the proper use of it.

There can be no doubt that the landlord is bound to keep the premises of all his tenants in proper repair for the use for which they are rented; and unless he is in a situation to know as much about their need of repair as the tenant, that he is bound to repair upon notice of defects; if he knows of the defects, or is in condition, from his own partial occupancy of them, to know of the defects, he need not have notice. Code, §2284; 49 *Ga.*, 272; 48 *Ga.*, 172.

2. 3. But is the tenant the agent of the landlord in such a sense as to make the latter responsible for the malfeasance and misfeasance of the former in respect to his use of the premises? We think not. If so, no matter how perfect the tenements may have been when rented, no matter how fully the duty of the landlord may have been performed in keeping them in perfect repair, he would be liable for the malfeasance or misfeasance of the tenant about those premises whenever any third person was injured thereby. Yet the use of the tenements really belongs to the tenant during the lease; they are his property to use for the term for which they are rented, and the landlord has no right to enter upon them, except by permission of the tenant, during the term for which they are rented. It is true that the tenant is, for certain purposes, the agent of the landlord, or, at least, he may be made such, as when he is aut' rized to make repairs or keep in repair, and he does it ine. ..ciently, so that third persons are injured. Then he would be the agent to do for the landlord what the law required the latter to do himself, and the landlord being bound to do the thing himself, and preferring to do it by his tenant or agent for that purpose, if it were done badly or negligently, ought to be responsible upon principle. But if the tenant improperly used what the landlord had rented in good condition, and kept so, and thereby injured somebody else, the tenant, and not the landlord, would be blamable, and should

bear the loss.   It is true that, in 33 *Ga.*, 211, this court, in pronouncing the opinion of the majority, uses language to the effect that tenants are agents of landlords, but the words are to be understood in reference to the case then before the court, and are not necessary to vindicate the correctness of the judgment in that case.   There the landlord, after he had rented the premises to the store-keeper, put up certain fixtures overhead, which occasioned the damage below, and the court charged that the tenant below was bound to keep the roof above swept and clean, which roof, and the pass-way upon it, belonged to another tenant, and these were the real reasons which caused the grant of the new trial.   It was scarcely necessary to hold that the tenant was the land-lord's agent to sustain the judgment of reversal.   Besides, that case was a majority judgment merely, there being a dissenting opinion.   In 38 *Ga.*, 542, the court unanimously held that the landlord was not liable for a nuisance maintained upon the premises by the tenant during the lease; that if the nuisance grew out of the neglect of the landlord to make repairs, then he is responsible, but not otherwise.   It seems to us that this view is sustained by principle and good sense, and sanctioned by authority.   See Sher. & Red. on Negligence, sections 56–60, 501, and note; Taylor's Landlord and Tenant, sections 173–175, and cases cited in both books.

4, 5. It can make no difference in principle, we think, that the damage is to a co-tenant.   In respect to the other tenant, he is a stranger, and if the wrong be caused, not by any act or negligence to repair of the landlord, but by the fault exclusively of the co-tenant, such co-tenant, and not the landlord, would be liable.   In this case there is proof that the water-closet was properly constructed and kept in proper repair, and this proof is made by experts who examined it, and yet that the water did overflow and that damage resulted to the goods below.   It was for the jury to find whether it was caused by the landlord's neglect to repair, or by the occupants above, and there is evidence to sustain a verdict that the landlord was without fault, either in con-

structing or repairing the water-closet. In this case the court went further and charged that "if the water-closet was found to be in bad condition and not properly attended to, whether by the tenant or the landlord, the landlord is liable." Surely the presiding judge could not have gone further for the plaintiff, and *the plaintiff* could not complain, or ought not to do so. We have already ruled that the judge did right in refusing the charge on agency.

The evidence being conflicting, and no error committed against the plaintiff in the charge, we affirm the judgment.

This case is distinguishable from 44 *Ga.*, 483, in this respect: In that case there was previous notice to the landlord of the bad condition of the water-closet, and she did not repair it or remedy the defect; in this case there was no such notice, and the proof was that the landlord did have the water-closet examined and kept in repair.

Judgment affirmed.