## JOHNSTON *v.* PATTERSON.

1. Where the entry of a levy upon a distress warrant included among other things "one crop cotton growing," allowing such levy to be read to the jury on the trial of an issue made by a counter-affidavit to the distress warrant, was no ground for a new trial.
2. A written contract, silent or ambiguous as to certain matters, may, as to them, be explained by parol evidence, not conflicting with anything plainly expressed in such contract.
3. A plea of set-off alleging against the plaintiff in a distress warrant items of indebtedness entirely independent of and disconnected with the rent contract, is not allowable.
4. The defendant in a distress warrant, after arresting the proceeding of a levy thereof as the statute prescribes, may on the trial of the issue thus formed prove by way of recoupment against the plaintiff's demand damages resulting from a breach by the plaintiff of his own stipulations in the rent contract, and in order to do this, it is not necessary to amend his counter-affidavit to set out the grounds of such recoupment.

February 23, 1891.

Distress warrant. Levy. Practice. Contracts. Evidence. Pleadings. Set-off. Recoupment. Before ·Judge MILLER. Bibb superior court. April term, 1890.

Reported in the decision.

STEED & WIMBERLY, C. & H. ESTES, M. G. BAYNE and J. A. THOMAS, for plaintiff in error.

R. W. PATTERSON and R. HODGES, *contra.*

LUMPKIN, Justice.

It appears from the record that Patterson and Johnston made a written contract, dated August 3d, 1888, containing numerous mutual promises and stipulations, and among them the following : that Patterson rented to Johnston 160 acres of land, consisting of 30 acres in the "Grace field," 120 acres in the "big field" and ten acres surrounding the house. Johnston agreed to pay Patterson $480 rent for the above described premises, on the 15th of October. Patterson also rented to Johnston four mules to be used on said plantation, for which Johnston agreed to pay as rent the sum of $80. Johnston was also to receive five per cent. on the collections which he might make of rents arising from lands of Patterson which Johnston rented out for Patterson ; and Patterson also agreed to pay Johnston $60 on the 15th of October, provided Johnston should well and truly attend to any business which Patterson might direct on said plantation. It appears also that Johnston had been in possession of the rented premises prior to the date of the above contract, and that the contract between the parties was reduced to writing and executed the day the contract bears date.

There are twenty-seven grounds in the motion for new trial, but they may be condensed into those set out in the head-notes.

1. As appears by the entry of the officer, the distress warrant was levied on certain cotton-seed, corn, peas,

potatoes and "one crop cotton growing." The fact that the entry contained the words quoted was certainly no reason for rejecting the entire levy. Indeed, if the growing crop of cotton had been all the property levied on, we do not see, on the trial of an issue formed by a counter-affidavit to a distress warrant, how allowing this entry to be read to the jury could be of any consequence. It simply went in along with the pleadings in the case, and, though immaterial and perhaps irrelevant, on this sort of a trial, was harmless. Section 3642 of the code might afford good ground to dismiss a levy made on a growing crop, but the reading or not reading of such a levy to the jury in this case, could in no way injuriously affect the defendant's rights upon the issues pending.

2. It was seriously disputed in this case whether the land cultivated by Phillips, and for the rent of which he paid Patterson, was a part of the land for which Johnston was to pay $480 rent, and whether or not the amount paid by Phillips to Patterson should be a credit on the rent Johnston owed Patterson. The court by its rulings and charges refused to allow Johnston to go into these questions with his evidence, on the idea that he was estopped from so doing by the written contract, and would not be permitted to vary its terms by parol evidence. We think this was error. The contract was silent as to whether or not the land worked by Phillips was a part of that Johnston rented from Patterson for himself, and as Johnston was, by the contract, made the agent of Patterson to rent out his lands, it is uncertain, from the contract itself, whether, if he rented to Phillips a part of the land he had himself contracted to pay rent for, this would reduce *pro tanto* the amount of rent due by him. Where a writing is such that something more than what is expressed therein is to be implied therefrom, parol evidence of anything not inconsistent

with that unexpressed something, is admissible. *Mc-. Mahan* v. *Tyson*, 23 *Ga.* 43. It is too well-settled to require further argument or authority that omissions, ambiguities and uncertainties in written contracts may be explained by parol evidence which does not conflict with anything the instrument plainly expresses, and parol evidence is admissible to apply all written contracts to their subject-matters.

3. The defendant undertook to set off against the plaintiff's claim for rent certain demands which were entirely independent of the rent contract. This he could not do, and the court rightly rejected all the evidence offered for this purpose. It was held in the case of *McMahan* v. *Tyson* above cited, that while failure of consideration might be set up as a defence to a note given for rent, and sought to be collected by distress warrant, a plea of set-off would not be allowed because it admits the sum it is pleaded against is due. This ruling to the extent above stated is approved in *Rountree* v. *Rutherford*, 65 *Ga.* 446.

4. The defendant also sought to recoup against plaintiff's demand for rent damages resulting to him from various alleged breaches by the plaintiff of stipulations and promises by the latter contained in the rent contract itself and immediately connected therewith, such as the plaintiff's agreements to furnish him mules; to pay commissions on rents received from land Johnston might rent out for him; to pay Johnston for his services on the plantation, etc. These defences he ought to have been permitted to make, and for the purpose of so doing it was not necessary to amend his counter-affidavit. *Guthman* v. *Castleberry*, 48 *Ga.* 172, and 49 *Ga.* 272. When the defendant met the levy of the distress warrant by filing the affidavit required by law, and the issue thus formed was returned to court, it was his right to prove his defence. *Holland* v. *Brown*,

15 *Ga.* 113; *Drake* v. *Dawson,* 66 *Ga.* 174. The following cases are referred to as showing when recoupment is a proper defence: *Mell* v. *Moony,* 30 *Ga.* 413; *Lufburrow* v. *Henderson, Id.* 482; *Finney* v. *Cadwallader,* 55 *Ga.* 75; *Latimer* v. *Lane,* 45 *Ga.* 474.

*Judgment reversed.*