## WEBB vs McCAIN.

### Opinion delivered June 13, 1899.

*Chattel Mortgage—Right to Possession of Property.*

> In the absence of stipulation to the contrary, the mortgagee of personal property is entitled to its possession, under § 4754 Mansf. Dig., even though all but a small portion of the debt secured by the mortgage has been paid.

Appeal from the United States Court for the Northern District.

WILLIAM M. SPRINGER, Judge.

Replevin by Harry McCain against John B. Webb. Judgment for plaintiff. Defendant appeals. Reversed.

This was an action of replevin brought by the appellee, Harry McCain, to recover from the appellant, John B. Webb, the possession of 600 bushels of corn in the crib, of the alleged value of $150, a span of mare mules, of the alleged value of $75 each, and a set of harness, of the alleged value of $12, and damages for their unlawful detention; the appellee alleging that he was the owner of all of said property, and entitled to its immediate possession, and that appellant unlawfully detained the same. Appellant answered, specifically denying each of the allegations of the appellee's complaint, and alleging that he held and retained the corn sued for to secure the payment of an indebtedness due him from appellee in the sum of $66.10, and which appellee had orally agreed with him should stand good for the payment of that debt; that the corn was grown and cultivated by appellee on a farm which was in the possession

(20)

of the appellant, and upon which appellant resided; that appellant had boarded the appellee and fed his team of mules for a period of about six months, pursuant to said oral agreement that said corn should stand good for the same, and that the indebtedness was unpaid; and that he held and retained the mules and harness, by virtue of the terms of a written mortgage, to secure the payment of an indebtedness of $358 and interest, which had not been paid. The appellee replied, denying the oral mortgage or conveyance of the corn, and alleging that the indebtedness secured by the mortgage of the mules and harness had been fully paid. Trial was had before a jury, which returned the following verdict: "We, the jury duly impaneled and sworn in the above-entitled action, find the issues in favor of the plaintiff, and find that the plaintiff is entitled to the possession of 500 bushels of corn mentioned in the complaint, and assess its value at 15 cents per bushel, making seventy-five dollars; and find that he is entitled to the possession of one iron gray mare mule, fifteen hands high, no brands, four years old, as described in the complaint, and assess the value thereof at seventy-five dollars, and assess his damage for the detention thereof at fifty dollars; and find that he is entitled to one bay mare mule, no brand, fifteen hands high, five years old, as described in the complaint, and assess its value at seventy dollars, and assess his damages for the detention thereof at fifty dollars. We further find that the harness replevined herein and described in plaintiff's complaint is the property of the plaintiff, and that its value is ten dollars, and the usable value thereof is two dollars. We further find that the defendant is entitled to a credit to the amount of one hundred and thirty-seven dollars. E. C. Strech, Foreman." The appellant filed a motion for a new trial, alleging that the verdict of the jury was not sustained by sufficient evidence, and that it was contrary to the law, and alleging other errors of law occurring at the trial, and excepted to by

defendant. The motion for a new trial was overruled, and judgment entered for the plaintiff for the possession of said property, or its value, as found by the jury, also for $102 damages awarded by the jury to the plaintiff, and the defendant was allowed an offset of $137 against the value of said property and damages, and an appeal prayed and allowed to this court.

*F. M. Smith*, for appellant.

*W. H. Tibbils* and *G. B. Denison*, for appellee.

THOMAS, J.    The appellant contends that the verdict of the jury in this case is not sustained by sufficient evidence, and that it is contrary to the law; and these questions are properly presented for review here.    The testimony of the appellee, Harry McCain, was:

That he had mortgaged the team of mules and the harness described in his complaint to the appellant to secure the payment of an indebtedness of ........................$358 00
He claimed and testified that he had paid this as follows:
By balance due him from appellant for work ............$ 18 00
By 120 tons of hay delivered by him to appellant, at an agreed price of $4 per ton......................... 480 00
By a hay press delivered by him to appellant, for which he was to be credited.............................. 130 00
That he had received in cash from appellant on the hay delivered the sum of................................                   252 00
That the appellant had paid some debts due by him to other parties amounting to.......................                   56 00
                                                                    _____  _____
                                                                    $628 00  $666 00

—Which, under the testimony of the plaintiff himself, would have left a balance due upon the indebtedness secured by the mortgage upon the mules and harness of $38, exclusive of interest.

Under our law (section 4754, Mansf. Dig.), "in the absence of stipulations to the contrary, the mortgagee of personal property shall have the legal title thereto, and the right of possession," and it nowhere appears in this case

that there was a stipulation to the contrary; and it would be manifestly unjust to sustain a verdict assessing damages against the appellant for the retention of this property, which, under the evidence and the law, he had a legal right to retain until the mortgage upon it had been paid in full. The jury, in its verdict, found that there was due from appellee to appellant the sum of $137, and, as appellant only claimed an indebtedness of $66.10, secured by the alleged oral mortgage on the corn, the jury must have found that there was still due upon the mortgage of the mules and harness the sum of $70.90.

In Hudson vs Snipes, 40 Ark. 77, the court, in delivering its opinion, said: "This is not a bill in chancery to ascertain the mortgaged debt and for decree of foreclosure, but an action of replevin by the mortgagee against the mortgagor for possession of the mortgaged property. After foreclosure, the mortgagee may bring replevin for the goods mortgaged, provided any portion of the indebtedness secured by the mortgage is still due and owing to him; and it is no defense to the action to show that a portion of the indebtedness has been paid before suit, but proof that the entire debt has been discharged is a good defense. Jones, Chat. Mortg. § 706; Marks vs McGehee, 35 Ark. 218. * * * Whether, on a bill in chancery by the mortgagee to foreclose or by the mortgagor to redeem, a set-off may be allowed against the mortgage debt, need not be considered in this case (see Nolly vs Rogers, 22 Ark. 230), which is an action of replevin for the property embraced in the mortgage, brought after default and forfeiture, and in which a set-off is not a proper defense. Gantt's Dig. § 4572; Wat. Set-Off, 144; Fairman vs Fluck, 5 Watts, 516; McMahan vs Tyron, 23 Ga. 43; Nutwell vs Tongue, 22 Md. 419." And the converse of this proposition is true, that where the mortgagor of chattels brings a suit in replevin against the mortgagee for possession of the mortgaged goods, alleging that the mortgage

indebtedness has been fully paid, nothing short of proof that he has fully discharged the mortgaged indebtedness will sustain a verdict or judgment in his behalf for possession of the goods and damages for their detention.

It appearing in this cause, from the testimony of the appellee, as well as from the verdict of the jury, that the appellee had not discharged in full the indebtedness secured by the mortgage upon the mules and harness, the verdict in his favor for their possession and damages for their detention is not sustained by sufficient evidence, and is contrary to the law. For the reasons stated, the judgment of the trial court is reversed, and the cause remanded. Reversed and remanded.

CLAYTON and TOWNSEND, JJ., concur.