### 13567. McCREARY v. ACTON.

An owner of realty wrote to a real-estate dealer as follows: "I hereby authorize you to sell my residence located on the northwest corner of Henry and Fleming streets in Augusta, Ga., fronting on Henry street 95 feet, more or less, and extending back 200 feet, more or less, for $14,000.00 net to me. The terms mentioned by you of closing the matter January 1st will be acceptable." *Held:* The sentence, "The terms mentioned by you of closing the matter January 1st will be acceptable," is ambiguous, and the letter "does not purport to contain all the stipulations of the contract."

(a) The court erred in refusing to allow the proposed amendment to paragraph 13 of the plea, and in striking paragraphs 13 and 14 of the plea.

DECIDED OCTOBER 5, 1922.

Complaint; from Richmond superior court — Judge Henry C. Hammond. March 18, 1922.

Acton, a real-estate agent, brought suit against McCreary, alleging that McCreary had listed with him certain real estate for sale, and that while it was so listed and "within the time limit specified in said contract" he "procured a customer ready, able, and willing to purchase the said property, and who did purchase the said realty upon the terms and within the time specified in said contract." Paragraph 5 of the petition alleges: "That the said W. L. McCreary entered into a contract in writing with

your petitioner to sell his residence on the northwest corner of Henry and Fleming streets, Augusta, Ga., a copy of which contract is hereto attached, marked Exhibit A, and made by reference a part of this petition." Exhibit A is as follows: " November 14, 1918. Mr. James C. Acton, Augusta, Ga. Dear Mr. Acton: I hereby authorize you to sell my residence located on the northwest corner of Henry and Fleming streets in Augusta, Ga., fronting on Henry street 95 feet, more or less, and extending back 200 feet, more or less, for $14,000.00 net to me. The terms mentioned by you of closing the matter January 1st will be acceptable. Your very truly, W. L. McCreary." This letter is the basis of the suit.

The defendant filed a plea in which he denied that he was indebted to the plaintiff, paragraphs 13 and 14 of which are as follows: " 13. Defendant alleges that on November 13, 1918, petitioner James C. Acton approached him and requested that he give him the exclusive option, for a period of four days, in which to make a sale of defendant's house and lot described in Exhibit A to plaintiff's petition, for the sum of $14,000.00 net to defendant, and upon the terms as to payment of $500.00 in cash, and the balance of the purchase-price to be paid January 1, 1919; that defendant consented to this proposal of plaintiff, and on November 14, 1918, signed and delivered to plaintiff the letter of November 14, 1918, which is attached as Exhibit A to plaintiff's petition and referred to in paragraph 5 thereof. 14. Defendant alleges that at the end of four days from the said 13th day of November, 1918, defendant called on plaintiff to know if he had sold his house and lot, which was the property described in said Exhibit A, whereupon plaintiff stated to defendant that he had been unable to make a sale thereof. A few days after making this statement plaintiff stated to defendant that he had been unable to make a sale of the property, and that he realized that his time limit within which he had the option to sell the same had expired. Defendant then informed said plaintiff that his option having expired, he, defendant, had authorized one D. W. Marks, a real-estate agent, to sell the said property, and the said D. W. Marks did thereafter, on November 26, 1918, sell said property to one Hiram Moore."

On the trial of the case the defendant offered an amendment as

follows: "And now comes defendant and amends paragraph 13 of his answer, and alleges that the last sentence of said letter marked Exhibit A, to wit, 'The terms mentioned by you of closing the matter January 1st will be acceptable,' is ambiguous, in that it does not appear therefrom what the terms referred to were, and whether the date January 1st refers to and includes the time in which said plaintiff should have the right to sell said described real estate, or refers only to the terms upon which settlement was to be made therefor if and when sold." ·This proposed amendment was not allowed. The plaintiff then moved to strike paragraphs 13 and 14 of the defendant's answer, upon the grounds that they " represent an effort on the part of defendant to plead prior or contemporaneous negotiations or stipulations which have been merged into a subsequent written contract, and that the written contract is to be treated as the exclusive medium of ascertaining the agreement to which the contractors bound themselves," and because " parol declarations cannot be received to vary or contradict the terms of a written contract, and what was said between the contracting parties in relation to the terms and stipulations of the contract was presumed to have been merged in the written contract," and because " paragraph 14 sets up no issuable defense," and its allegations amount to " an effort on the part of the defendant to vary or contradict the terms of a written contract by parol declarations." The court sustained the demurrer and struck these paragraphs of the plea. The case was then submitted to a jury and the trial resulted in a verdict for the plaintiff. A motion for a new trial was overruled, and the defendant excepted.

*N. M. Reynolds, Callaway & Howard,* for plaintiff in error.

*C. H. & R. S. Cohen, S. F. Garlington,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) The chief question to be determined is whether or not the last sentence of the letter — Exhibit A of the petition — is ambiguous. That sentence is as follows: " The terms mentioned by you of closing the matter January 1st will be acceptable." When is a written contract ambiguous? In *Novelty Hat Mfg. Co.* v. *Wiseberg,* 126 *Ga.* 800 (55 S. E. 923), Mr. Justice Beck said (p. 801) : " Many definitions of the term ' ambiguous ' can be found in the reports, in law dictionaries, and in the various standard lexicons, and

while these definitions vary among themselves, some being broader and some more restricted in scope, tested by any of them the instrument immediately under consideration is, it seems to us, open to the criticism made upon it by counsel for plaintiff in error, that it is ambiguous. 'Ambiguity' is defined as 'duplicity, indistinctness, an uncertainty of meaning or expression used in a written instrument.' Nidle v. State Bank, 13 Neb. 245 (13 N. W. 275), cited in Words and Phrases, 367. 'Ambiguity' also signifies 'of doubtful or uncertain nature; wanting clearness or definiteness; difficult to comprehend or distinguish; of doubtful purport; open to various interpretations.' Cent. Dict." Is not the sentence under consideration "of doubtful or uncertain nature; wanting clearness or definiteness; difficult to comprehend or distinguish; of doubtful purport; open to various interpretations?" Do not the words "terms mentioned by you" refer to some phase of the agreement not mentioned in the letter, the exact meaning of which cannot be determined by the writing itself, but can only be made certain by evidence outside the writing? Is it not doubtful from the writing itself whether the date January 1st refers to and stipulates the time in which the plaintiff should have the option on the property, or to the date on which final payment of the purchase price and settlement of the whole matter should be made? If so, the writing is ambiguous, and its construction should have been left to a jury, under proper pleadings. This being true, it was the right of the defendant so to frame his pleadings as to permit the introduction of parol evidence to explain the ambiguity.

The amendment offered deals specifically with the alleged ambiguity in the last sentence of the letter. "The contract sued upon in this case was ambiguous, and the court erred in disallowing and striking defendant's pleadings, under the allegations of which oral testimony would have been admissible to explain the ambiguity, on the ground that the said contract was unambiguous." *Novelty Hat Mfg. Co.* v. *Wiseberg,* supra. Not only did the court err in refusing to allow the amendment to paragraph 13 of the answer, but erred in thereafter striking paragraphs 13 and 14 thereof. For no reason alleged in the demurrer should these paragraphs have been stricken. Neither of them seeks to engraft any parol stipulations on a complete written contract,

but it is sought to explain by parol evidence, not conflicting with anything plainly expressed in the writing, an ambiguity, and to supply certain parts of the contract in reference to which the writing is silent.  It appears to us that the writing " does not purport to contain all of the stipulations of the contract," and that the words, " terms mentioned by you," refer to certain " terms " which had been discussed by the parties, but as to which the writing is silent.  Paragraph 5 of the answer, to which no demurrer was filed, alleges that ".Defendant admits the allegations of paragraph 5, but alleges that the contract attached as Exhibit A does not express the full agreement, in material particulars, between plaintiff and defendant, as will be more fully set forth hereinafter."  Section 5791 of the Civil Code of 1910 is in part as follows: " If the writing does not purport to contain all the stipulations of the contract, parol evidence is admissible to prove other portions thereof not inconsistent with the writing."  In discussing this question the Supreme Court has rendered numerous decisions, among them the following: *McCommons* v. *Williams,* 131 *Ga.* 313 (2) (62 S. E. 230) ; *McMahan* v. *Tyson,* 23 *Ga.* 43 (2) ; *Johnston* v. *Patterson,* 86 *Ga.* 725 (2) (13 S. E. 17).  This court in *Martin* v. *Thrower, 3 Ga. App.* 784 (2) (60 S. E. 825), held: " A contract may be partly in writing and partly verbal. In such a case all evidence tending to show what the entire contract really was should be admitted."  The Supreme Court, quoting from Bradner on Evidence, said that the rule to be applied in such cases is: " To bring a case within the rule admitting parol evidence to complete an entire agreement of which a writing is only a part, two things are essential.  First, the writing must appear on inspection to be an incomplete contract; and second, the parol evidence must be consistent with and not contradictory of the written instrument." *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 210 (6, 7) (37 S. E. 485, 81 Am. St. Rep. 28).  We have already expressed our opinion that the writing does not appear to be a complete contract, and paragraph 13 of the plea would allow only such parol testimony as would show other terms and conditions of the contract not inconsistent with, nor contradictory of, the written part.  In addition to what has been said as to paragraph 14 of the answer, it is only necessary to add that it is not subject to the criticism urged against it that it is an effort on the part of the

defendant to vary or contradict the terms of the written contract by parol declarations. The allegations in paragraph 14 relate exclusively to declarations of the plaintiff which are not in conflict with the writing but are independent thereof.

The court having erred both in refusing to allow the amendment offered to paragraph 13 of the answer, and in thereafter striking paragraphs 13 and 14 of the answer, the subsequent proceedings were nugatory.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*