## 27395. ECHOLS v. PATTERSON.

DECIDED JULY 15, 1939.

*Clint W. Hager, J. F. Kemp*, for plaintiff.
*McElreath, Scott, Duckworth & DuVall*, for defendant.

PER CURIAM. 1. A landlord is not liable for personal injuries to a person lawfully on the premises, as one coming thereon to do business with the tenant, arising from a defect in the premises of which the landlord had no knowledge and which he had not been notified to repair. Code, § 61-112; *Stack* v. *Harris*, 111 *Ga.* 149 (36 S. E. 615) ; *Ocean Steamship Co.* v. *Hamilton*, 112 *Ga.* 901 (38 S. E. 204) ; *Dobbs* v. *Noble*, 55 *Ga. App.* 201, 203 (189 S. E. 694).

(a) While in the *Hamilton* case, supra, it was said that in *Guthman* v. *Castleberry*, 48 *Ga.* 172, s. c. 49 *Ga.* 272, it was held that "before a landlord was under a duty of making repairs, notice to him of the need thereof was requisite, unless he was himself *in a position to know that the making of such repairs was necessary*" (italics ours), the italicized words are not to be taken to mean that any duty

to inspect rested on the landlord in that case, but only that he was *in position to know* that repairs were necessary because the fact of a *defect* had been brought home to him. This is evident because in the *Guthman* cases (cited approvingly by Jackson, J., in *White* v. *Montgomery,* 58 *Ga.* 204, to both of which reference was made in the *Hamilton* case) it was shown in each case that to hold the landlord liable he must be put on notice of a *defect*. In *White* v. *Montgomery,* supra, it was held that the landlord "must, upon notice of any defect, keep it, by repairs, in such condition as to be suitable for such use." The landlord was held not liable, because he had no notice of the bad condition of a water-closet which caused damage to the tenant. In 48 *Ga.* 172, supra, it was held that if the landlord failed to repair the roof of a rented storehouse *after notice* of its leaky condition, and the tenant's goods were damaged, he would be liable. In 49 *Ga.* 272, supra, it was held that notice to the landlord of the leaky roof was unnecessary for the reason that he occupied a room in the same building immediately over the store of the tenant and was presumed to *have known* of the condition of the roof better than the tenant. A statement in one case can not be taken more broadly than the rulings in the cases on which it is based, and, consequently, the expression in the *Hamilton* case, supra, "unless he was himself *in a position to know* that the making of such repairs was necessary" (italics ours), means that his *position to know* of the necessity for repairs arises from knowledge or notice of a *defect*. That this is true is evident from the expression elsewhere appearing in the *Hamilton* case, "in which it was clearly ruled that the duty of a landlord to make repairs did not arise, unless he either *knew* from personal observation of the existence of the defects, or was in some manner *put upon notice thereof.*" (Italics ours.) In *Ross* v. *Jackson,* 123 *Ga.* 657 (51 S. E. 578), the headnote, "A landlord is liable to one lawfully present on the rented premises, by invitation of the tenant, for injuries arising from defective construction, or from failure to keep the premises in repair, where the defect is known to the landlord or in the exercise of reasonable diligence could have been known, and the injured person was himself in the exercise of due care," must be read in the light of the facts of the case and of the opinion, where it was stated, "The landlord is under no duty to inspect the premises while the tenant is in possession, in order to keep informed as to their condition," and in

overruling the demurrer the court construed the petition as alleging that the floor of the porch was *defectively constructed and maintained by the landlord.*

2. An allegation that the defendant knew or ought to have known of the defective condition of the premises is an allegation, when construed most strongly against the pleader, that the defendant had no knowledge and was negligent in failing to know or discover the alleged defective condition.

3. Where the defect in the premises consisted of a post which supported the balcony outside of the front doorway of a building which was used for the purpose of a store by the tenant, which was insecurely fastened and was in a dangerous and unsafe condition as a result of its decay and long wear, it not appearing whether such defect was latent or patent, and which fell and injured a guest or customer of the tenant as she was leaving the building after having gone therein to make a purchase from the tenant, the mere fact of the landlord's having been frequently in and near the building where he went to collect the rent, in the absence of any knowledge by the landlord of the defective condition of the premises, where the landlord had not gone upon the premises for the purpose of inspecting the premises and making repairs, and was not inspecting the premises for such purpose, was insufficient to show any negligence on the part of the landlord by reason of the fact that he failed to make repairs.

4. In a suit against the landlord by the person injured to recover damages for personal injuries alleged to have been sustained by the plaintiff as a result of the alleged negligence of the landlord in failing to discover the dangerous and defective condition of the premises, an allegation in the petition as amended that the landlord personally collected the rents from the tenant, and frequently was in and near the building, was insufficient as an allegation of negligence on the part of the defendant. The petition as amended did not set out a cause of action, and the court did not err in sustaining the general demurrer thereto and in dismissing the action. The present case is distinguishable on its facts from *Gledhill* v. *Harvey,* 55 *Ga. App.* 322 (190 S. E. 61), where the landlord had been given notice of a dangerous condition in the right side of a back porch, but no notice of a latent dangerous condition, a rotten sill under the porch, and where the court held: "If both

defects be in and about the same part of the premises, such as the flooring of the back porch, and are not entirely disconnected, and it may reasonably be said that the latent defect might reasonably have been discovered by the use of ordinary care in complying with such request for repair of the patent defect, the landlord will be held to have notice of such latent defect."

5. The court properly struck from the petition an allegation that the defendant at the time when the building was rented to the tenant "retained a qualified possession of said rented premises." While there was no demurrer directed to this allegation, it was a mere conclusion of the pleader, and was defective in that it did not show how and wherein the defendant retained a qualified possession of the premises.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

STEPHENS, P. J., dissenting. While a landlord, after parting with possession of the premises, is under no duty to the tenant or any person lawfully on the premises to inspect the premises for the purpose of ascertaining if they are in need of repair, the landlord is nevertheless liable to persons lawfully upon the premises, for damages which may be caused by a defect in the premises as a result of the landlord's negligence. *Ross* v. *Jackson,* 123 *Ga.* 657 (supra); *Gledhill* v. *Harvey,* 55 *Ga. App.* 322 (supra). While the landlord is under no duty to inspect unless notice has been given him of the existence of a defect, if he goes upon the premises he may be chargeable with notice of any defect in them which he could have discovered by the exercise of ordinary care, whether in so doing he is making repairs or not. The landlord, in order to be negligent for failing to discover the defective condition of the premises, need not go upon the premises for the purpose of making repairs or inspecting the premises. If he is on the premises for any purpose whatsoever, and if from the particular facts it could reasonably be concluded that, by the exercise of ordinary care, he could observe and know of a defect which exists in the premises, he is negligent if he fails to discover it.

In *Ocean Steamship Co.* v. *Hamilton,* 112 *Ga.* 901, 903 (supra), it was ruled that "The provisions of this section [Code, § 61-112,] were in large part codified from the decision of this court in *While* v. *Montgomery,* 58 *Ga.* 204 (supra), in which it was clearly ruled that the duty of a landlord to make repairs did not arise, unless

he either knew from personal observation of the existence of the defects, or was in some manner put upon notice thereof. In delivering the opinion of the court, Jackson, J., cited approvingly the case of *Guthman* v. *Castleberry,* 48 *Ga.* 172, 49 *Ga.* 272 (supra), where it was held that before a landlord was under a duty of making repairs, notice to him of the need thereof was requisite, unless he was himself in a position to know that the making of such repairs was necessary."

In *Ross* v. *Jackson,* supra, the Supreme Court held: "A landlord is liable to one lawfully present on the rented premises, by invitation of the tenant, for injuries arising from defective construction, or from failure to keep the premises in repair, where the defect is known to the landlord or in the exercise of reasonable diligence could have been known, and the injured person was himself in the exercise of due care." See *Gledhill* v. *Harvey,* supra, wherein the same principle was laid down by this court. In *Marr* v. *Dieter,* 27 *Ga. App.* 711 (109 S. E. 532), it was held: "A landlord is responsible to a guest of his tenant for damages arising from defective construction or for damages from failure to keep the premises in repair. . . In the first case knowledge of the defective construction by the landlord is conclusively presumed. . . In the second case the landlord is entitled to notice, either actual or *constructive* [italics mine]. *Ocean Steamship Co.* v. *Hamilton,* 112 *Ga.* 903 (38 S. E. 204). . . The decision of the Supreme Court in *Ross* v. *Jackson,* 123 *Ga.* 657 (51 S. E. 578), properly construed, does not limit the responsibility of the landlord for improper construction to knowledge, actual or constructive, of the defective condition '*before* the tenancy was created.'" The petition in this case, which alleged that the landlord went upon the premises, and that there was a defective condition in a prominent portion of the premises, viz., the post holding up the balcony over the front doorway, which was decayed and rotten, and that the landlord was negligent in not discovering this defective condition, was good against general demurrer based on the ground that it did not show negligence on the part of the landlord. For the above reasons I dissent from the opinion of the majority in this case.