## 47746. AVERY v. ALADDIN PRODUCTS DIVISION, NATIONAL SERVICE INDUSTRIES, INC.

PANNELL, Judge. The contract for the purchase of certain machinery recited that the machine "has been examined by Purchaser, and is accepted in its present condition" and that "[n]o representations or warranties, of any sort, express or implied, except warranty of title, have been made by Seller unless specifically set forth in writing in this contract," (there

were no warranties set forth elsewhere in the contract) and also, "Purchaser shall keep said equipment in good and serviceable condition and repair, and shall not allow the same to be misused or abused. Loss, injury, or destruction of said equipment, with or without the fault of Purchaser, shall not release Purchaser from any liability hereunder." An action was brought on the contract by the seller seeking recovery of the balance of the purchase price. The purchaser, in defense thereto, sought to set up a failure of consideration based upon oral statements of the seller that the machine was in "good condition" and the further defense that the contract was unconscionable under Code § 109A-2—302, which defenses were disallowed by the trial judge and the verdict and judgment were rendered in favor of the plaintiff. Defendant's motion for new trial claiming error in these matters was overruled and the defendant appealed. *Held:*

1. The provisions of the contract met the requirements of Code § 109A-2—316 (3) (a) and no implied warranty arose out of the transaction, either as to merchantability under paragraph (2) of that section, which is expressly subject to paragraph (3), or as to fitness for a particular purpose under Code § 109A-2—315, which latter section is also subject to the exclusions and modifications permissible under Code § 109A-2—316. Therefore, evidence of a contradictory prior or contemporaneous parol agreement is prohibited by Code § 109A-2—202.

2. The provisions of the contract contended by appellant to be unconscionable under Code § 109A-2—302 are provisions which the law itself specifically permits. This contention is without merit.

3. There was no error in overruling the motion for new trial.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 11, 1973 — DECIDED
FEBRUARY 22, 1973.

*Frank G. Wilson,* for appellant.
*Adams, O'Neal & Hemingway, Jerome L. Kaplan, Thomas W. Talbot,* for appellee.