## 56697. BLACKWELL v. HOBGOOD.

Deen, Presiding Judge.

Appellee Hobgood entered into a real estate contract with appellant, a real estate broker, to purchase a house owned by Ronald Womack. He deposited $3,000 as earnest money and was to obtain a $65,000 mortgage and pay the remaining balance in cash. Appellee applied for a mortgage loan as agreed, but the mortgage company refused the loan because the house was appraised substantially below the contract price. As a result, appellee's purchase of the house failed to close. Appellant subsequently drafted a release from the seller stating that the sale failed to close because the house did not appraise high enough and that the seller released all interest in the earnest money to the broker and appellee. Despite repeated demands, and contrary to his expressed representations to appellee and his wife, appellant failed to refund the $3,000 earnest money. Appellee filed suit to recover the earnest money and the trial court, sitting without a jury, found in his favor. The court held: (1) that the contract is ambiguous on the question of what is to happen to the earnest money in the event Mr. Hobgood applied for a mortgage loan in the amount of $65,000 but was unable to obtain one before March 30, 1977; (2) that Mr. Hobgood did not breach any covenants or agreements contained in the contract; (3) that from the evidence it was foreseeable to the parties to the contract that Mr. Hobgood might not be able to obtain a mortgage loan on or before the closing date and, therefore, Mr. Blackwell is not entitled to retain the earnest money under Special Stipulation 8 or any other provision of the contract; (4) that the evidence shows that the intention of the parties to the contract was that the earnest money would be returned if a mortgage loan in the amount of $65,000 was not made available to Mr. Hobgood on or before March 30, 1977.

Appellant contends that the trial court erred in its finding that the real estate contract was ambiguous. He claims that he was entitled to retain the earnest money under Special Stipulation 8 which provides: "It is further agreed that in the event purchaser fails to consummate

sale, for reasons unforeseen and unavoidable, said earnest money shall constitute full liquidating damages to seller and broker, and no party shall have any further liability hereunder."

"Construction of ambiguous contracts is the duty of the court, and it is only after application thereto of the pertinent rules of construction, and they remain ambiguous, that extrinsic evidence is admissible to explain the ambiguity." *Davis v. United Am. Life Ins. Co.,* 215 Ga. 521 (2) (111 SE2d 488) (1959). Here, the trial court was also sitting as trier of facts and we find no error in its ruling. This provision is ambiguous because it does not provide any method for determining which events are "unforeseen and unavoidable." This provision also implies that there are instances where the broker would not be entitled to retain the earnest money upon failure of the sale to close. Since the contract only implies when this is to happen, it is ambiguous and parol evidence is admissible to explain the ambiguity. See *McMahan v. Tyson,* 23 Ga. 43 (1858).

Accordingly, we find that the trial court correctly held that the contract was ambiguous and that it was the intention of the parties that the earnest money be returned to appellee if he was unable to obtain a mortgage loan.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED OCTOBER 3, 1978 — DECIDED OCTOBER 23, 1978.

*Martin L. Fierman,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, Jeffrey W. Kelley,* for appellee.