## 59580. BURROUGHS CORPORATION v. MACON RUBBER COMPANY, INC.

SHULMAN, Judge.

Plaintiff-seller (appellant) brought suit against defendant-purchaser for breach of contract in regard to, among other things, the sale and lease of certain office machinery. Defendant counterclaimed for damages against plaintiff, asserting a total lack of consideration for defendant's payments on the contract and breach of warranty. From a verdict and judgment against plaintiff on the main claim and in favor of defendant on its counterclaim, plaintiff appeals. We affirm.

1. Appellant complains of error in the trial court's charge on implied warranties. Appellant submits that since the sale and lease agreements entered into between the parties specifically excluded any implied warranties of merchantability and fitness for a particular purpose (see in this regard *U. S. Leasing Corp v. Jones Pharmacy,* 144 Ga. App. 26 (240 SE2d 300); *Avery v. Aladdin Products &c. Inc.,* 128 Ga. App. 266 (196 SE2d 357); and Code Ann. § 109A-2—316), the court's charge on implied warranties was inapplicable to the evidence and was, therefore, harmful error.

Even assuming that the above-mentioned agreements did effectively negate the existence of any implied warranties (see *U. S. Leasing Corp.,* supra; and *Avery,* supra), since evidence was introduced at trial of a subsequent agreement between the parties for the purchase of additional equipment to which, defendant alleged, warranties of merchantability and fitness for a particular purpose attached, the evidence did authorize the charge on implied warranties.

2. We do not agree with appellant's contention that the evidence pertaining to the possible existence of implied warranties, by virtue of the purchase of the additional equipment, was violative of the parol evidence rule. Such evidence was explanatory of the parties' second agreement, which did not expressly exclude the existence of implied warranties.

The new agreement was in part based upon a letter which stated that the additional equipment was purchased under "the same terms" as the prior equipment. Since an ambiguity was created by the phrase "under the same terms" in the context of the somewhat cryptic letter, inasmuch as the type of terms (e.g., mode of payment, licensing, or delivery, etc.) or extent of such terms (e.g., in complete compliance with every term of the prior contracts, including warranties as previously delineated or excluded by such prior contracts) was unexplained, parol evidence was properly

admitted to explain the ambiguity. Compare *McCreary v. Acton,* 29 Ga. App. 162 (114 SE 230).

Since the charge on implied warranties was in conformity with evidence properly admitted and presented at trial, we find no error in the trial court's judgment for the reason assigned.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED MARCH 4, 1980 — DECIDED APRIL 10, 1980.

*Robert F. Hershner, Jr., Ronald C. Thomason,* for appellant. *Carl E. Lancaster, Jr.,* for appellee.