## GRIMES vs. REESE & LINTON.

1. Unliquidated damages cannot be pleaded as a set-off.
2. Where the plaintiff sues in the common counts, it is competent for the defendant to plead and prove that there was a special contract, and that by the breach thereof the plaintiff has damnified the defendant in an amount more than the plaintiff claims.
3. Where the same contract lays mutual duties and obligations on the two parties, and one seeks a remedy for a breach of duty by the second, the other may meet the demand by a claim for a breach of duty against the first.

Complaint, in Hancock Superior Court. Tried before Judge Thomas, at October Term, 1859.

This was an action brought by Reese & Linton, Warehouse and Commission Merchants, of the city of Augusta,

Grimes *vs.* Reese & Linton.

against Frances A. Grimes, administratrix of the estate of Thomas C. Grimes, deceased, to recover the balance due on an account, principally for money paid and advanced to defendant upon orders drawn by her on plaintiffs. The balance claimed was $1,476 50.

The entire account amounts to........................$8,037 41
1857. June 26.—Cr. by proceeds of 58
    bales cotton...........$2,915 81
1857. Dec. 30.—Cr. by proceeds of
    112 bales cotton.....$3,645 10

              $6,560 90

Balance due Reese & Linton......................................$1,476 50
The account was made by defendant after the death of her intestate.

The defendant pleaded—

1st. That she was not indebted to plaintiffs as administratrix of Thomas C. Grimes, deceased, nor did she have any legal power or authority to make such contract *as administratrix,* or to bind thereby the estate of her intestate.

2d. That defendant made a consignment of 112 bales of cotton to plaintiffs, who agreed to hold the same for defendant during the cotton season, or not to sell the same under 13 cents per pound, and that they would make to her advancements thereon upon the usual commission of $2\frac{1}{2}$ per cent.; and that plaintiffs, in violation of this agreement, and without the order or authority of the defendant, sold said cotton on the 30th December, at and for 9 cents per pound, thereby causing a loss to defendant of $1,872 60, being the difference between the sale of said cotton at 13 cents and 9 cents, and defendant avers that said cotton could have been sold for 13 cents per pound before the end of the cotton season, to-wit: in the month of April after the sale; and defendant plead this sum, $1,872 60, as an off-set to plaintiff's demand.

At the trial, counsel for defendants demurred to plaintiff's declaration, upon the ground that it contained no cause of action against the defendant in her representative character as administratrix of Thomas C. Grimes, but that the demand, if any existed, was against her individually.

The presiding Judge overruled the demurrer, and defendant excepted.

Counsel for plaintiff demurred to the second plea of defendants above stated, and moved that it be stricken, upon the ground, that the demand therein pleaded was for unliquidated damages, and insufficient, in law, as a plea of set-off.

The Court sustained the demurrer and ordered the plea to be struck; to which decision defendant excepted.

WASDEN & NELMS, and FULLER, for plaintiff in error.

MILES W. LEWIS, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

This is the usual action brought by factors for over-advances made to a customer.

The defendant, by her plea, sets up a special contract, by which, in consideration that she would store her cotton with the plaintiffs, they agreed to withhold the cotton from the market for the year, or one entire cotton season, unless ordered to sell within that time. The plea further charges, that in pursuance of said agreement, she stored a large quantity of cotton, to-wit: one hundred and twelve bales with the plaintiffs in the fall and winter of 1857, which they sold in the month of December of that year; whereas, by keeping back the cotton till April following, upwards of eighteen hundred dollars more could have been realized upon it, which she pleads as a set-off to the plaintiffs' demand, and claims a judgment for a balance.

The Court decided that the defendant's claim for unliquidated damages, resulting from the breach of the special contract, cannot be pleaded to the suit. And viewed as a plea of set-off, the Court was right. Had this plea of a special contract, however, been stated with sufficient certainty, would it not have defeated the plaintiffs' action? What right had they to sue upon a common count, provided there was a special contract, the non-observance of which had caused a greater loss to her than the benefits conferred by the plaintiffs?

Why would not the doctrine of recoupment apply in such a case? Where the same contract lays mutual duties and

Grimes *vs.* Reese & Linton.

obligations on the two parties, and one seeks remedy for the breach of duty by the second, the second meets the demand by a claim for a breach of duty against the first: 2 *Parson's on Contracts,* 247.

In a note to the text, the author, Mr. Parsons, says: "The doctrine of recoupment is not a new one in the common law. It was formerly used to signify, and does now in many Courts and decisions, a right of deduction from the amount of the plaintiff's claim, either from part payment *or defective performance of contract on the part of the plaintiff,* or from any analogous fact."

Thus it will be perceived that the distinction between allowing a certain defense by way of set-off and recoupment, is clear and well defined.

But the difficulty in this case results from the uncertainty in the defendant's plea, or rather pleas, for there are four filed. Neither of the pleas taken separately nor all together constitute a good defense to the action. It is no where stated when the contract relied on by Mrs. Grimes was made; and in the defense set up, such an allegation was essential. Why select April, 1858, as the time when the cotton, if kept, could have been sold at the largest profit? Was that within the twelve months from the date of the contract, or was it at its termination? If the contract was made as far back as April, 1857—a fact hardly to be supposed—upwards of eleven hundred dollars of the plaintiffs' demand had accrued before that time. And, to say nothing of the want of consideration in this contract, so far as these previous advances and payments were concerned, it is no where directly and distinctly averred that the subsequent agreement included this past or executed consideration. To show the importance of ascertaining clearly from the answer when this contract was made, it may be pertinently asked, does it affirmatively appear that it was to have been executed within twelve months from its date? And if not, is it valid under the Statute of Frauds? The plea lacks certainty. It is inferential only, to say the most for it. Indeed, the matters are so mixed up, that it does not very satisfactorily appear whether the sale of the cotton on the 30th of December, 1857, was to be treated as a breach of a special contract, or a violation of orders respecting the produce. And these, in their legal ef-

fects and consequences, would constitute very different de-
fenses.

Upon the whole, as the affirmance of the judgment will
only force the defendant to resort to an independent suit
against the plaintiffs to establish her opposing claim, we are
not inclined to strain too far the rules of pleading to prevent
the necessity of this course. When we consider that the
Constitution entitles a defendant to be sued in his own county,
the doctrine of set-off or recoupment even operates prejudi-
cially to him, and the Courts should not stretch it beyond its
legitimate bounds. The plaintiffs sued Mrs. Grimes in Han-
cock : let her institute her action against them in Richmond.