## *THOMPSON *vs.* MITCHELL, executor.

Where several notes were given for the purchase price of land, to a suit based on one of them, the defendant could recoup any overpayment made and directed by him to be applied to such note, but in the absence of such direction, he could not recoup against such note amounts paid which exceeded the amount of that note, unless he had paid the entire purchase money, and then he could recoup what he had paid over and above the entire debt. Code, §§2911, 2912; 1 Ala., 103; 11 *Id.*, 695; 1 N. H., 33; 7 Tenn., 269.

(*a.*) This ruling does not conflict with the ruling in 53 *Ga.*, 649.

(*b.*) Some of the notes having been reduced to judgment, if any of such judgments had been paid, it could be set up by affidavit of illegality.

Judgment affirmed.

February 24, 1885.

JACKSON, Chief Justice.

[Mitchell, executor of Cheatham, sued Thompson on a note, by which the latter had agreed to pay the decedent five bales of cotton. The defendant filed several pleas, making, in brief, the following points: (1.) Payment. (2.) Defendant bought from decedent a tract of land, took a bond for title, and gave four notes for the purchase money. Certain credits were entered on the first two, and

---

*No full reports or opinions are published in this and the following cases, under the provisions of the act of March 2, 1875.

they were then reduced to judgment. A portion of the land was surrendered, and a credit given on the last two notes. They were then given up and the note now in suit given for the balance on them. Afterwards defendant made numerous payments on his entire indebtedness to the decedent, including the judgments and the note, but no application of these payments was made to any special portion of the debt, nor was credit given for a large portion of the amounts so paid. They were much more than sufficient to pay the note in suit. Defendant prayed judgment against the plaintiff for such excess.

On the trial, the jury found for the defendant generally. Being dissatisfied, he moved for a new trial, on the following among other grounds:

(1.) Because the court charged as follows: "Unless it is shown that the payments were more than sufficient in amount to pay the entire indebtedness, the defendant would have no right to a verdict against the plaintiff for the excess, and he would be entitled to have credits on the indebtedness, and so far as payments on the judgments are involved, he has his remedy in a different way than by asking judgment against the plaintiff for it."

(2.) Because the court refused to charge as follows: "If the jury believe that the plaintiff held two evidences of debt against the defendant for the same consideration, and that the defendant made payments to the plaintiff, and without directing to which of the evidences of debt the payments should be appropriated, and you further believe from the evidence that such payments, or any part of them, were never appropriated to either of the evidences of debt, then the defendant is entitled now to direct the appropriation to the debt sued on, and if they exceed the amount due on the debt sued on, defendant is entitled to a judgment against the plaintiff for such excess." The court struck the last two clauses of this request and added, " provided he does so by his plea distinctly claiming that right." (The court added to this ground the following

note: "The court charged the law as to appropriation of payments embraced in section 2869 of the Code, and stated that, when neither the debtor nor the creditor has exercised this right, the law will have the payments applied in such manner as is reasonable and equitable between the parties, upon proper pleadings and upon proper case made. The court also charged, if the defendant made payments on the indebtedness, he had the right to direct that they be first applied to the settlement of the note sued on, and if he did so, it was the duty of the creditor to so appropriate them; and after the payments were so appropriated, if there was an excess over and above what was necessary to pay this note, such excess should have been applied by the creditor to the balance of the indebtedness.)

The motion was overruled, and defendant excepted.]