SMITH v. THE STATE.

1. Under the facts as disclosed by the record, this court cannot say that the verdict of the jury is without support from the testimony or so far contrary to it as to authorize this court to determine that the trial judge abused his discretion in refusing to grant a new trial. The law allows him to refuse or grant new trials in the exercise of a legal discretion, but it does not give this court any discretion in the matter. It can only grant new trials when errors of law have been committed, or when the trial judge has abused his discretion in refusing a new trial.
2. There was no error in overruling the motion for a new trial on any ground thereof which was verified by the court.

· February 20, 1893.          ·          *Judgment affirmed.*

Before Judge FISH. Sumter superior court. November term, 1891.

Having been convicted of burglary, the defendant moved for a new trial on the general grounds, and on special grounds which the court certified to be untrue. The burglary was proved to have taken place about ten o'clock at night. The burglar was seen and his hat touched as he disappeared in the darkness. Several circumstances pointed to the defendant as the guilty one, including his size and general appearance, the kind of hat, tracks corresponding with his, and his sayings and behavior before and after the crime was committed. He introduced no evidence, but set up an *alibi* in his statement, claiming that at the time of the burglary he was in his own house with his wife and children, including a daughter nearly grown.

J. A. HIXON, by L. J. BLALOCK, for plaintiff in error.
C. B. HUDSON, solicitor-general, *contra*.