## George L. Hubbard, Elon H. Guyn and R. A. Zimmerman, Surviving Partners of George K. Hubbard & Co., *v.* Dennis French, Appellant.

*Promissory notes—Affidavit of defense—Running account.*

When an affidavit of defense alleges that certain promissory notes sued upon were given as part of a running account which had never been closed or settled, and that upon opportunity given for defendant to show his payments and compare them with plaintiffs' charges, payment of the notes sued on would appear: *Held,* that the affidavit was sufficient and that plaintiff by suing on the notes alone, cannot deprive the defendant of his right to show, if he can, that they were given in the way and for the purpose defendant avers and that they were without consideration.

Argued Dec. 17, 1895. Appeal No. 35, Nov. T., 1895, from judgment of C. P. No. 2, Phila. Co., June T., 1895, No. 643, for want of a sufficient affidavit of defense. Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, McCARTHY and ORLADY, JJ. Reversed.

Assumpsit on claim which, as amended, was on two promissory notes alleged to have been given by defendant to plain-

tiff in settlement of book account.    Judgment entered for want of a sufficient affidavit of defense for $471.68.

The affidavit alleged: That defendant, by reason of the imperfectness of the copy of book account filed, is unable to show and compare his figures with those of the plaintiff.    That the account was a running account and that upon comparison of plaintiff's book with defendant's payment it would appear that plaintiff had been largely overpaid and that there was nothing due on the promissory notes sued upon.

*Errors assigned* were, (1) discharging defendant's rule to produce original books of entry; (2, 3) error in making absolute rule for judgment and in entering judgment against defendant for want of a sufficient affidavit of defense.

*John P. Gibbs, P. J. McManus* with him, for appellant.—The plaintiff's statement of claim was not such as is required by the third section of act of May 25, 1887, P. L. 271.    It is contended that the plaintiff should show even the items of credit: Dow v. Williams, 4 Dist. Rep. 659; see also Fahlnecker v. Harrington, 21 W. N. C. 541.    The learned court below should have allowed the dispute to go to the jury: Myers v. Cochran, 3 Dist. Rep. 135.

*Julius C. Levi*, for appellees.—Appellees submit that appellant has confounded " payments upon account " or " part payment " with mutual or reciprocal demands arising from cross trading: In Adams v. Carroll, 85 Pa. 209; Ingram v. Sherard, 17 S. & R. 347; Lowber v. Smith, 7 Pa. 381; Mattern v. McDivitt, 113 Pa. 402.

Plaintiffs contend further that even admitting appellant's view to be correct the present case is an account stated.

Appellees' point is that the giving of the said promissory notes to plaintiffs by defendant is prima facie evidence of a settlement having taken place between the parties: Fairchild v. Dennison, 4 Watts, 258; Miller v. Probst, Addison, 344; Duffy v. Flynn, 3 Luz. L. Obs. 393; 1 Amer. & Eng. Ency. of Law, page 120.

OPINION BY WICKHAM, J., January 20, 1896:

The plaintiffs' claim, at the time judgment was entered, had

been reduced, by amendments to the two promissory notes, set forth in the statement.   These notes, it is alleged, in the statement, were given by the defendant to the plaintiffs, in settlement of a book account.

The affidavit of defense is somewhat deficient in precision, but when analyzed, it will be found to aver, in substance, as follows: that there was a running account between the defendant and the plaintiffs from the year 1886, to the bringing of the suit, which account had never been closed or settled; that the notes in suit were given as part of the account, i. e. to be credits, when paid on the account; that after giving the notes, the defendant became satisfied, from an examination of his checks and other notes paid to the plaintiffs that he owed them nothing, having already paid in full; that after the suit was brought, the plaintiffs promised to give him a statement of account, without which he is unable to make a comparison between charges and payments, which promise was not kept; that the defendant, on October 12, 1889, paid the plaintiffs $258.50, for which he has received no credit, and, finally, that he believes he is in nowise indebted to the plaintiffs, and expects to prove this averment at the trial by showing his payments and comparing them with the plaintiffs' charges.

These allegations, whether probable or improbable, we must for the present accept as true, and they entitle the defendant to be heard before a jury.

The plaintiffs, by suing on the notes alone, cannot deprive the defendant of his right to show, if he can, that they were given in the way and for the purpose he avers, and that they are without consideration.

It is hardly necessary to say, that the defendant, in order to meet the case as it stands, was only required to allege payment of the plaintiffs' account, in a general way.   He could not be expected to set forth the plaintiffs' account for the period covered by the dealings, and, unless this were done, to particularize the payments would not aid us in reaching the truth.

The first and second assignments of error are dismissed. The third is sustained.

The judgment is reversed and a procedendo awarded.