### MOSLEY *v.* BANK OF LINCOLNTON.

A plea of set-off to a distress warrant, alleging against the plaintiff in distress warrant items of indebtedness apparently independent of the rent contract, and not alleged to be connected with it, is not allowable.

FEBRUARY 11, 1915.

Distraint. Before Judge Walker. Lincoln superior court. October 31, 1913.

*J. M Pitner,* for plaintiff in error.

*Callaway, Howard & West* and *T. H. Remsen,* contra.

EVANS, P. J. Dawson, as landlord, rented a farm, together with a mill, gin, and a public ferry, to Mosley for the year 1912. The landlord transferred in writing the rent note to the Bank of Lincolnton on January 22, 1912. The transferee foreclosed a landlord's lien, both special and general, which was levied on twenty-five tons of hay as the property of the tenant. The tenant made the statutory affidavit that the sum distrained for was not due. Subsequently the tenant was allowed to amend his counter-affidavit by alleging: "He admits that he did rent for the year 1912 from Lambdin Dawson a farm, ferry, mill, gin, known as the Lockhart Place in Lincoln County, Ga.; but he claims that prior to the issuance of said distress warrant he had fully paid off and discharged all of the rent lawfully due, by reason of the facts as follows: The said Lambdin Dawson during the year 1912 became indebted to petitioner in the sum of Five Hundred, Fifty and 82/100 Dollars, as shown by bill of particulars hereto attached, marked 'Exhibit A' and made a part of this counter-affidavit. Said Dawson is indebted to petitioner as above pleaded, which defendant pleads as a credit on said rent note." The items in the attached bill of particulars were for amounts paid certain persons and for cash to the landlord, and board for a year, and also for the loss of the use of the gin for three weeks because of failure of the landlord to repair and for damages therefor. On the trial of the case the court struck this amendment, and, upon the plaintiff introducing the rent note, directed a verdict in favor of the plaintiff. The tenant excepted, and he complains that the striking of his amendment was error, because it showed that the landlord had been paid, and that his assignee was not entitled to enforce the lien of the rent contract against him.

It is contended that after a tenant gives his landlord a negotiable promissory note for rent for a current year, and the note has been transferred by the landlord, before due, to an innocent holder for value, the assignee's lien under the statute is defeated by reason of payments made by the tenant to the landlord, and of certain repairs done on the rented premises. The code section relied upon to support this contention reads as follows: "Whenever any contract for rent is evidenced by writing and is transferred by written assignment before the maturity of the crops on the lands rented, the special lien in favor of landlords shall, on the maturity of the

crops, arise in favor of the transferee of such rent contract in the same manner as it would have done in favor of the landlord had no transfer been made." Civil Code (1910), § 3343. The reply to this contention of the tenant is, that his pleadings do not make a case of payment, even though the statute should be construed as he contends it should be. The tenant's plea is that of set-off, and it is not averred that any item in the bill of particulars was paid in pursuance of the contract of rent. A plea of set-off admits that the rent is due, but avers that it should not be paid, because of an independent indebtedness due by the landlord to the tenant. The plea of set-off, alleging against the plaintiff in the distress warrant items of indebtedness entirely independent of and disconnected with the rent contract, is not allowable. *Johnston* v. *Patterson,* 86 *Ga.* 725 (13 S. E. 17). Moreover, the proceeding is in favor of the assignee, and certainly no cross-obligation which the tenant may have against the landlord should be asserted against the latter's assignee, unless it grew out of the rent contract sought to be enforced by distraint; and this was not alleged in the counter-affidavit. There was no error in striking the amendment to the affidavit.

The amendment also contained an averment that the landlord was the owner of only a half interest in the property, and that the defendant had been compelled to pay one half of the rent of the premises to the proper owner, the tenant's wife. This ground was not insisted upon in the brief, presumably in appreciation of the well-settled rule that the tenant can not dispute the landlord's title.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*