## 11310.   JONES *v.* THE STATE.

Whether the evidence was sufficient to identify the accused as the person who made the assault was a question for the jury; and this court can not say that the verdict was without evidence to support it.

DECIDED APRIL 14, 1920.

Indictment for assault with intent to murder; from Fulton superior court — Judge Humphries.   January 24, 1920.

*Fred. E. Harrison, B. H. & Harvey Hill,* for plaintiff in error.
*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BLOODWORTH, J.   The defendant was convicted of assault with intent to murder.   The motion for a new trial contains only the usual general grounds.   In the brief of counsel for the plaintiff in error it is insisted that " there is no satisfactory evidence as to the identity of the defendant as a party who made the assault. . . In connection with this evidence the testimony shows undoubtedly that the defendant was not the man, because thirty minutes after the alleged assault he was at work at the very place where the assault was made. . . Take this evidence in connection with the evidence offered by the defendant tending to show an alibi, and it must be conceded that there is no substantial or satisfactory evidence showing beyond a reasonable doubt that the defendant was the man who committed the assault."   The question of the identity of the defendant was one to be settled by the jury under the evidence.   The person who was assaulted testified: " I know he is the negro."   The assault happened " about five minutes after 12 o'clock."   At the place where the person assaulted was found there was " about a hatfull of blood."   The accused was arrested " a little after one o'clock," and " there was fresh blood on his shirt."   The officer who arrested the accused testified: The defendant " told me that he did this.   I did not threaten him."

" Under the facts as disclosed by the record this court cannot say that the verdict of the jury is without support from the testimony or so far contrary to it as to authorize this court to determine that the trial judge abused his discretion in refusing to grant a new

trial. The law allows him to refuse or grant new trials in the exercise of a legal discretion, but it does not give this court any discretion in the matter. It can only grant new trials when errors of law have been committed, or when the trial judge has abused his discretion in refusing a new trial." *Smith* v. *State*, 91 *Ga.* 188 (17 S. E. 68). See also *Bradham* v. *State*, 21 *Ga. App.* 510 (94 S. E. 618), and cit.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*