## 12872.  SMITH v. THE STATE.

On the trial of one charged with having had possession of intoxicating liquor, where a witness for the State testified that the accused, accompanied by another man, brought to the house of the witness a box containing such liquor, it was not error for the court to refuse to allow counsel for the accused, on cross-examination of this witness, to inquire as to what the other man said in regard to his own claim of ownership of the box, since testimony as to what the other man said would have been hearsay.   Moreover, the refusal to allow such interrogation was harmless, since the witness was allowed to testify that the defendant, in the presence and hearing of the other man, told the witness that it was the other man's box, and the other man did not deny this.

Failure to give a certain instruction to the jury in connection with an instruction given which was correct in itself is not ground for exception to the instruction given.

The law upon a theory of the case presented only by the defendant's statement on the trial of a criminal case need not be given in charge to the jury, where there is no written request so to charge.

> DECIDED NOVEMBER 17, 1921.

Indictment for possessing liquor; from Cherokee superior court — Judge Blair.   August 20, 1921.

*John T. Dorsey, Anderson & Roberts,* for plaintiff in error.

*John S. Wood, solicitor-general, Lindley W. Camp,* contra.

BLOODWORTH, J.   1.  The court did not err in ruling out " what the other man said," as complained of in the first ground of the amendment to the motion for a new trial.   This was clearly hearsay.   Counsel for plaintiff in error insists " that the refusal of

the court to permit counsel for the defendant to interrogate the witness concerning the fact that the other man claimed the box in question which contained the whisky was harmful and prejudicial to him and his rights. " Even if counsel is correct in his insistence that the court erred as complained of in this ground, which we deny, the error was harmless, as practically the same evidence, without objection, went to the jury from the lips of this witness when he swore: " When Lloyd Smith [the defendant] told me it was the other man's box, this other man that was going to Atlanta was there and heard the conversation, and he did not deny it being his at all. "

2. The excerpts from the charge, embraced in grounds 2, 3, 4 and 6 of the amendment to the motion for a new trial, contain correct statements of law adjusted to the evidence, and this court and the Supreme Court have frequently held that a correct statement of law embraced in a charge to the jury is not erroneous because the court failed, in the same connection, to give to the jury other appropriate instructions. *Conley* v. *State*, 21 *Ga. App.* 134 (94 S. E. 261), and cit.; *Weldon* v. *State*, 21 *Ga. App.* 330 (*c*) (94 S. E. 326), and cit.

(*a*) If fuller instructions were desired, they should have been requested as provided by section 1087 of the Penal Code and section 6084 of the Civil Code.

3. " In the absence of a written request so to do it is not error for the trial judge to fail to charge the law of the theory of the case presented solely by the prisoner's statement. " *Welden* v. *State*, supra (*i*), and cit.; *Cook* v. *State*, 134 *Ga.* 348 (4) (67 S. E. 812). The above ruling disposes of ground 5 of the amendment to the motion for a new trial.

4. " Under the facts as disclosed by the record, this court cannot say that the verdict of the jury is without support from the testimony or so far contrary to it as to authorize this court to determine that the trial judge abused his discretion in refusing to grant a new trial. The law allows him to refuse or grant new trials in the exercise of a legal discretion, but it does not give this court any discretion in the matter. It can only grant new trials when errors of law have been committed, or when the trial judge has abused his discretion in refusing a new trial. " *Smith* v.

*State,* 91 *Ga.* 188 (17 S. E. 68). See also *Presley* v. *State,* 24 *Ga. App.* 143 (99 S. E. 891), and cit.

The court did not err in refusing to grant a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*