14654. JOHNSON v. THE STATE.

Whether a search warrant had been issued to authorize a search by which intoxicating liquor was discovered was immaterial on the trial of one indicted for possession of such liquor.

Alleged error in refusing to allow a witness to answer a certain question does not require a new trial, where it is answered in his testimony in the brief of the evidence.

There was evidence to authorize the verdict.

DECIDED JULY 11, 1923.

Indictment for possessing liquor; from Cherokee superior court — Judge Blair. April 28, 1923.

*Herbert Clay,* for plaintiff in error.

*John S. Wood, solicitor-general,* contra.

BLOODWORTH, J. 1. The defendant was convicted of possessing whisky found in an automobile in which he, with another, was riding. The 1st special ground alleges error because the court refused to let a witness answer the question, "Did you have a search warrant when you found this whisky?" The court sustained the objection to this, on the ground that it was immaterial. Under the now well-settled law of this State, any relevant evidence as to the whisky alleged to have been found in the possession of the defendant was admissible, whether the

search and seizure was made with or without a warrant; and this being true, the refusal of the court to permit the above question to be answered could in no way affect the defendant's rights in this case. See *Williams* v. *State,* 100 *Ga.* 511 (28 S. E. 624, 39 L. R. A. 269); *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893); *Smith* v. *State,* 17 *Ga. App.* 693 (88 S. E. 42); *Pullen* v. *State,* 30 *Ga. App.* 24.

(*a*) The request of counsel for plaintiff in error that decisions holding contrary to the above be reviewed is denied. In the case of *Smith* v. *State,* supra, the court said (p. 694): " The court thought it best, in view of the apparent conflict between these decisions of the courts, to certify this question to the *Supreme* Court, so that it might be *definitely and decisively settled* by a specific and authoritative ruling from the highest judicatory of the State " (italics ours); and on page 698 it is said: " The effect of this decision is, of course, practically to set aside all previous contrary rulings of this court on the subject."

2. The 2d special ground alleges that the court erred in refusing to permit a witness to say whether he saw a truck broken down near Gilstrap's store, about five miles from the scene of the arrest, and on the same road; the defendant claiming that he came in this truck, and that when it broke down he got in the car in which the whisky was found, not knowing the whisky was there. The record shows that practically this same evidence went to the jury. The brief of evidence, approved as true and correct by the trial judge, shows the following testimony by the same witness (Tom Curtis): " I was at Gilstrap's store the same day I arrested these parties, but did not see a truck broken down there. The next day after I saw a truck up there." " Even if counsel is correct in his insistence that the court erred as complained of in this ground, . . the error was harmless, as practically the same evidence, without objection, went to the jury from the lips of this witness when he swore " as above set out. *Smith* v. *State,* 27 *Ga. App.* 654 (110 S. E. 423).

3. There was evidence to authorize the verdict, which has the approval of the trial judge, and the judgment overruling the motion for a new trial is

　　　　*Affirmed. Broyles, C. J., and Luke, J., concur.*