HILL *v.* FEDERAL LAND BANK OF COLUMBIA.

No. 12549.   October 13, 1938.

*T. B. Rainey,* for plaintiff in error.   *John C. Butt,* contra.

GRICE, Justice.   ■   This case was begun originally in a justice's court, and was appealed to the superior court by consent. The rulings complained of were made by the judge of the superior court on appeal.   In an amendment to his counter-affidavit to a distress warrant, the defendant undertook to set up in the justice's court a counter-claim consisting of certain sums expended by him before the execution of the rent contract which formed the basis of the distress warrant.   This defense was stricken on motion.   The defendant excepted.   "The only defense against a distress warrant which the statute gives to the tenant is a plea on oath that 'the sum, or some part thereof, distrained for, is not due.'   . .   A plea of a set-off is not this plea.   A plea of a set-off *admits* that the sum which it is pleaded against *is* due."   *McMahan* v. *Tyson,* 23 *Ga.* 43.   The ruling just cited has been consistently followed, though the later cases limit the rule to instances of attempted set-off or recoupment which has no connection with the rent contract or the condition of the demised premises.   *Guthman* v. *Castleberry,* 48 *Ga.* 172; *Jones* v. *Findley,* 84 *Ga.* 52 (10 S. E. 541) ; *Johnston* v. *Patterson,* 86 *Ga.* 725 (13 S. E. 17) ; *Smith* v. *Green,* 128 *Ga.* 90 (57 S. E. 98).   But "a plea of set-off to a distress warrant, alleging against the plaintiff in distress warrant items of indebtedness apparently independent of the rent contract, and not alleged to be connected with it, is not allowable."   *Mosley* v. *Bank of Lincolnton,* 143 *Ga.* 181 (84 S. E. 438).   Plaintiff in error contends, notwithstanding the general rule above stated, that he has an intervening equity not reached by the law, to wit, the non-residence of the plaintiff in distress warrant, which will enable him to make the defense which he undertook to make, and which the court struck on motion.   He relies on the doctrine referred to in *Arnold* v. *Carter,* 125 *Ga.* 319 (54 S. E. 177), *Welch* v. *Williford,* 177 *Ga.* 837 (171 S. E. 768), and *Quitman Cooperage Co.* v. *Peoples First National Bank,* 178 *Ga.* 90 (172 S. E. 17), to the effect that where on account of the non-residence or insolvency of the opposite party

a complete remedy could not be afforded at law, a set-off or recoupment will be allowed in equity. Counsel for defendant in error argues with force that while the stricken plea alleges that the opposite party, the Federal Land Bank of Columbia, is a non-resident, it is not alleged that it has no agent in Georgia on whom service could be made, or that it does not have a place of business here, and therefore it has not been shown that an independent suit could not be brought against it with the same convenience and facility, and therefore that the equity that might otherwise have existed in his favor can not be claimed on the ground of non-residence, citing *Ætna Insurance Co.* v. *Lunsford,* 179 *Ga.* 716 (177 S. E. 727). For reasons hereinafter appearing, we do not find it necessary to decide whether or not the amendment to the counter-affidavit set up a good reason in equity for its allowance. If the defendant had any defense of an equitable nature, it could not be asserted at law. It would take a court of equity to give him relief. "The right to set off one legal demand against another, other than in cases covered by our statute, is itself an equitable right, which is not and has never been recognized by a court of law in this State, except in obedience to a statute; and therefore it can be asserted only in a court having jurisdiction in equity matters." *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921, 924 (41 S. E. 74).

The equitable amendment was filed in the justice's court before the case was appealed, but the effect would be the same had it been offered after the case reached the superior court. We have seen that the claim set up in the counter-affidavit was of a character that could be asserted, if at all, only in a court having jurisdiction in equity matters. A justice's court has no such jurisdiction. The jurisdiction of the superior court as to the subject-matter on appeal was no larger than the jurisdiction of the justice's court in which the suit was first instituted. *Berger* v. *Saul,* 109 *Ga.* 240 (34 S. E. 1036). The rule has been applied to appeals from the county court (*Hufbauer* v. *Jackson,* 91 *Ga.* 298, 18 S. E. 159; *Stansell* v. *Massey,* 92 *Ga.* 436, 17 S. E. 821; *Mulherin* v. *Kennedy,* 120 *Ga.* 1080, 48 S. E. 437; *Pratt* v. *Rosa Jarmulowsky Co.,* 177 *Ga.* 522 (5), 170 S. E. 365), and to appeals from the court of ordinary. *Maloy* v. *Maloy,* 134 *Ga.* 432 (68 S. E. 80); *Field* v. *Brantley,* 139 *Ga.* 437; *Peavy* v. *Crawford,* 182 *Ga.* 782 (187 S.

E. 13, 107 A. L. R. 828). It follows that the plaintiff in error could not assert his alleged rights in the manner and in the forum where he undertook so to do. The exceptions to the rulings of the judge are not well taken.

*Judgment affirmed. All the Justices concur.*