29492. STEMBRIDGE *v.* SLOAN *et al.*

DECIDED JUNE 17, 1942. REHEARING DENIED JULY 27, 1942.

*Marion W. Stembridge, Smith, Smith & Bloodworth, Croom Partridge,* for plaintiff.

*Marion Ennis,* for defendants.

MacInTyre, J. (After stating the foregoing facts.) The plaintiff contends that the two questions now before this court are: (1) "May a plea of alleged overpayment under a previous rent contract be made as against the dispossessory warrant?" And (2) "May evidence intended to set up a claim for overpayment under a previous rent contract be admitted as against the dispossessory warrant?" The defendants contend that their plea is one of payment, and that the written receipts of the plaintiff, when taken as a whole over the period that they continuously occupied the premises, showed that they had paid the plaintiff in full, and that the evidence of the defendants sustained their plea. Under the rule of law as we understand it, after verdict we must construe the evidence in the most favorable light to the upholding of the verdict (*Vandeviere* v. *State,* 58 *Ga. App.* 18 (197 S. E. 338), and where the evidence is conflicting, while the trial judge may grant a new trial in the exercise of a legal discretion this court must accept the

findings of fact of the jury below if there was any evidence to support them. *Smith* v. *State,* 91 *Ga.* 188 (17 S. E. 68). And the evidence viewed in its most favorable light to the defendants authorized the jury to find that there was an open running transaction between the plaintiff and the defendants from the time they entered the premises August 12, 1939, until they moved therefrom April 24, 1941. All the advancements made (even though they were overpayments made during the first year of the occupancy) were but branches of the main rent transaction, for in making the advancements the defendants recognized the existence of an unadjusted rent transaction, and not only assented to the application of the advancements thereon as one of the elements from which their final balance was to be ascertained, but that the plaintiff, by his acceptance of the overpayments during the first year, also recognized the existence of the unadjusted rent transaction during the second year. "Ordinarily a promissory note contains only the maker's obligation to pay. If the note does not purport to express the contract in pursuance of which it is executed, and the contract rests in parol, its terms may be proved by parol." *Anthony Shoals Power Co.* v. *Fortson,* 138 *Ga.* 460, 463 (75 S. E. 606).

The defendants' evidence was to the effect that the basis of the overpayment during the first year was not a wholly different transaction from the obligation to pay the rent the second year, which obligation for the second year's rent was evidenced by the note introduced by the plaintiff, and this note contained only the tenants' obligation to pay. The record does not disclose that the note contains the entire contract between the parties. The note does not state that it was for rent, nor does it describe or even refer to any particular premises rented. The record discloses that the defendants rented the premises in question and thereafter continuously occupied them until the dispossessory proceedings were instituted. The plaintiff, by basing his action on the note alone, can not deprive the defendants of their right to show, if they can, that all the payments of rent during the entire continuous period that they occupied the rented premises were elements from which the final balance was to be ascertained. Hubbard v. French, 1 Pa. Super. 218; *Petit* v. *Teal,* 57 *Ga.* 145; *Thomas* v. *Mitchell,* 74 *Ga.* 797; *Sikes* v. *Carter,* 30 *Ga. App.* 539 (118 S. E. 430). To illustrate: suppose a part of the rent had been due to the landlord for some

of the months during the first year and a part for some of the months during the second year for the premises which the tenants had continuously occupied, and the landlord had elected to introduce evidence to this effect, and the jury had so found, can it be said that the landlord could not have recovered under the dispossessory warrant and the other pleadings in the instant case the final balance for the two, or the part of the two, years which the tenants occupied the premises immediately preceding the dispossessory warrant? We think not. See in this connection *Johnson* v. *Klassett*, 9 *Ga. App.* 733, 737 (72 S. E. 174); *Roberson* v. *Simons*, 109 *Ga.* 360 (2) (34 S. E. 604). The jury seem to have rejected the plaintiff's contentions as to the controlling facts, and to have accepted the defendants' evidence and found the facts to be as set forth in the defendants' counter-affidavits which were based on the payments they had made during the entire rental transaction, beginning August 12, 1939, and ending April 24, 1941, when the tenants moved out. We see no trace in the evidence of any purpose by either party to give or claim any sum by way of gratuity. This was a renting of the premises, and the jury were authorized to find, under the defendants' evidence, that there was an open running transaction of payments and overpayments by the defendants of various amounts on the rent, and that each party recognized the existence of the unadjusted rent transaction, and that each party assented (did a passive act of concurrence) to the application of the advancements of the amounts paid under the entire running transaction, and that all of the payments of rent during this period were elements from which the final balance was to be ascertained. Thus, if the jury found that the rental transaction was for $25 per month for the continuous period that the tenants occupied the premises, then they could find that the tenants were entitled to be credited with each and every payment or overpayment which they had made during their continuous occupancy of the premises, all of which were made on an open running rent transaction, and that they would not, under their plea and their evidence, be due the plaintiff any rent. And thus the jury were authorized to find that the plea of payment was sustained. See *Grimes* v. *Reese*, 30 *Ga.* 330, 333; *Mell* v. *Moony*, 30 *Ga.* 413, 415; *Lufburrow* v. *Henderson*, 30 *Ga.* 482; *Willis* v. *Harrell*, 118 *Ga.* 906, 909 (45 S. E. 794); *Carter* v. *Sutton*, 147 *Ga.* 496 (94 S. E.

760); *Lamar* v. *Sheppard,* 84 *Ga.* 561, 569 (10 S. E. 1084); *Hayes* v. *Atlanta,* 1 *Ga. App.* 25, 26 (57 S. E. 1087); *Hill* v. *Federal Land Bank of Columbia,* 186 *Ga.* 889, 891 (199 S. E. 177).

The judge did not err in overruling the motion for new trial.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*