31773.   DANFORTH, *alias* DRAFORD, *v.* THE STATE.

DECIDED OCTOBER 28, 1947.

862

*Jeff D. Curry, Max Rubenstein,* for plaintiff in error.
*George Hains, Solicitor-General,* contra.

GARDNER, J. ■ The evidence as to the general grounds is sufficient to sustain the verdict. The trial court approved the verdict and we will not disturb it. See *Hudgins* v. *State,* 2 *Ga.* 173 (5); *Hastings* v. *State,* 52 *Ga.* 335; *Smith* v. *State,* 91 *Ga.* 188 (17 S. E. 68); *Puckett* v. *State,* 159 *Ga.* 230 (125 S. E. 208).

■ (*a*) Special ground 1 assigns error on the following excerpt from the charge of the court: "Now if you find the defendant not guilty of assault with intent to murder and you think he is guilty under the evidence of something, you will be authorized, under the evidence, if you so find, that he is guilty of unlawfully shooting at another, or you might find him guilty of assault and battery." Error is assigned in this special ground in that the excerpt from the charge was ambiguous.

The second special ground assigns error on the above excerpt from the charge as intimating or expressing an opinion that the defendant was guilty of some crime.

The third special ground assigns error on the following excerpt from the charge of the court: "Moral and ˜reasonable certainty is all that can be expected in a legal investigation, and in all criminal cases the true question is what is the truth as shown by the evidence and by the defendant's statement in the trial of the case. It is not whether that you may have some mere fanciful doubt as to his guilt, but it is whether you honestly believe the defendant guilty as charged, and if you think that from the evidence, it would be your duty to find the defendant guilty, otherwise, find him not guilty."

(*b*) To be understood, all three of the special grounds must be viewed in the light of the whole charge. When we do this, neither one of them nor all together show reversible error. Since distinguished counsel for the defendant urge their contention that the court committed reversible error in charging according to these excerpts, we think it might be well to give certain other portions of the charge of the court pertinent to the excerpt. The court charged: "Gentlemen of the jury, the burden is upon the State to prove each and every material allegation of the bill of indictment to a moral and reasonable certainty and beyond a reasonable doubt before you would be authorized to convict him. . . The defendant enters the proper trial of the case with the presumption of innocence in his favor and that presumption remains with him throughout the trial and until the State, by competent evidence, has proven to your minds and conscience, to a moral and reasonable certainty and beyond a reasonable doubt that he is guilty as charged before you will be authorized to convict him. . . I charge you a reasonable doubt is the doubt of a fair-minded, impartial juror honestly and diligently seeking the truth. It is not a mere fanciful, arbitrary or capricious doubt but is such a doubt as may arise from the evidence, the want of evidence, or from the defendant's statement or from a conflict of the evidence. . . Now, if, after considering all the evidence, facts, and circumstances of this case, giving the defendant's statement such weight and credit as you may think it is entitled to receive, your minds are wavering, unsettled, or unsatisfied, it is your duty

to give the benefit of that doubt to the defendant and acquit him. On the other hand, if you do not have that doubt and believe that he is guilty beyond a reasonable doubt, it is equally your duty to find him guilty. . . Moral and reasonable certainty is all that can be expected in a legal investigation, and in all criminal cases the true question is what is the truth as shown by the evidence and by the defendant's statement in the trial of the case. It is not that you may have some mere fanciful doubt as to his guilt, but it is whether you honestly believe the defendant guilty as charged, and if you think that from the evidence, it would be your duty to find the defendant guilty; otherwise, find him not guilty. . . The defendant has the right to make to the court and jury just such statement as he sees fit in his own behalf. That statement is not under oath. You may believe it in preference to the sworn testimony. You may believe it in whole or in part. It is to receive only such weight and credit as you see fit to give it. . . This being a case of assault with intent to murder, it is my duty to give you the definition of murder. Murder is the unlawful killing of a human being in the peace of the State by a person of sound mind and memory and discretion, with malice aforethought, either expressed or implied. Expressed malice is that deliberate intention, unlawfully, to take away the life of a fellow creature, which is manifested by external circumstances capable of proof. Implied malice is where no considerable provocation occurs or appears or where all the circumstances of the killing show an abandoned and malignant heart. . . Now, if you find the defendant not guilty of assault with intent to murder and you think he is guilty under the evidence of something, you would be authorized, under the evidence, if you so find, that he is guilty of unlawfully shooting at another, or you might find him guilty of assault and battery. Now I charge you that assault is an attempt to commit a violent injury upon the person. Battery is the unlawful beating of another. Shooting at another is where a person without justification, mitigation, or excuse, shoots at another. . . Now if you believe beyond a reasonable doubt that the defendant committed the act in the way and manner as alleged in this bill of indictment, with a weapon likely to produce death with intent to kill and murder, without justification, mitigation, or excuse, you would be authorized to find him guilty of assault with intent to

murder, meaning by that, that if he had shot and killed anyone when the shooting took place, if you find it did take place, and you find that it would have been murder if he had killed anyone, then you would be authorized to find him guilty of assault with intent to murder, and if you do not so believe you should find him not guilty of that. Now if you believe from the evidence, along with the defendant's statement, that the defendant did commit the act in the way and manner charged in this bill of indictment, with a weapon not likely to produce death, or that the defendant did not intend to kill, you would be authorized to find him guilty of assault and battery, provided it was done without justification, mitigation or excuse. . . Now, you are to determine, from all of the evidence in the case, what the truth is, and when you find that truth let your verdict so speak it."

We might also add that the excerpt on which error is assigned under special ground 3 is sound as an abstract principle of law. In *Giles* v. *State*, 6 *Ga.* 276, 285, the Supreme Court said: "Now it is conceded, that in all criminal cases whatsoever, it is essential to a verdict of condemnation, that the guilt of the accused should be fully proved; and that neither a mere preponderance of evidence, nor any weight of preponderant evidence, in the language of Mr. Starkie, is sufficient for the purpose, unless it generate full belief of the fact, to the exclusion of all reasonable doubt. Still, absolute, mathematical or metaphysical certainty is not essential; and besides, in judicial investigations, it is wholly unattainable. Moral certainty is all that can be required. The proof should be such as to control and decide the conduct of men in the highest and most important affairs of life, and not a mere vague conjecture, a fancy, a trivial supposition, a bare possibility of innocence. To acquit upon such doubts, is a virtual violation of the juror's oath, and an offense of great magnitude against the interest of society, directly tending to disregard the obligations of a judicial oath, the hindrance and disparagement of justice, and the encouragement of malefactors."

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*